VALENTINE OIL COMPANY, A CORPORATION, ET AL., APPELLANTS, V. ROY R. POWERS ET AL., APPELLEES.
59 N. W. 2d 160

Filed June 5, 1953. No. 33258.

*Eugene D. O'Sullivan, Eugene D. O'Sullivan, Jr.,* and *A. Marvin Lungren,* for appellants.

*Edwin D. Crites* and *Charles A. Fisher,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

This case is a companion to and was originally a part of Valentine Oil Co. v. Powers, *ante,* p. 71, 59 N. W. 2d 150. Because of misjoinder of causes of action it was docketed separately with an amended and supplemental petition. Named as defendants were Charles A. Fisher, Roy R. Powers, and A. A. Kennedy, but in the same manner as in the other action the last two named defendants were concededly never served with process, and their special appearance was sustained. Therefore, actually the only defendant is Charles A. Fisher, who will hereinafter be generally designated as defendant. He demurred to plaintiffs' petition specially upon the grounds that there was a defect of parties defendant and that several causes of action were improperly joined, and generally upon the ground that plaintiffs' petition did not state facts sufficient to constitute a cause of action. The demurrer was sustained "generally" and plaintiffs did not elect to plead further, whereupon their action was dismissed at plaintiffs' costs, and they appealed, assigning that the trial court erred in sustaining the demurrer and in dismissing the action. We conclude that the assignment has no merit, and, as was done in Valentine Oil Co. v. Powers, *supra,* we dispose of the case as upon general demurrer.

The allegations of plaintiffs' petition and the issues presented thereby are in all material respects, except as hereinafter noted, identical with those in Valentine Oil Co. v. Powers, *supra,* and are controlled by that opinion except in the respects hereinafter discussed. In that regard there is no escrow agreement here directly

involved, but plaintiffs' case is predicated primarily upon the contention that defendant Charles A. Fisher was a gratuitous bailee who undertook to deal with certain oil and gas leases in a manner not warranted by his agreement as to their use, and that said defendant should be held liable for violation thereof. Plaintiffs prayed for injunctive relief to prevent the leases involved from being secreted or becoming less valuable for failure to have them recorded and to prevent the leases from terminating for failure to pay delay rentals as required therein, or for any other reason. They also prayed for specific performance of the agreements involved, together with equitable relief and damages if said leases were found to be terminated.

Insofar as important here, plaintiffs' petition substantially alleged that on August 9, 1947, Roy R. Powers executed and delivered to C. M. Valentine an assignment of "all of his right, title, interest, claim and demand of any kind, character and nature, whatsoever" in certain designated oil and gas leases dated April 24, 1947, which assignment plaintiffs recorded. When they did so is not alleged. A copy of such assignment is marked exhibit G, attached to plaintiffs' petition, and made a part thereof. The consideration therein recited was: "One Dollar and other good and valuable consideration," but as disclosed by other allegations of the petition and exhibits attached thereto, the other good and valuable consideration for making the assignment was "performance of other prior agreements between these parties."

In that connection, plaintiffs alleged that defendant Charles A. Fisher, a lawyer admitted to practice in this state during all of the times involved "was employed by the defendants, Roy R. Powers and A. A. Kennedy, as an attorney and counsellor, in reference to matters pertaining to the taking, assigning and recording of certain oil and gas leases, hereinafter mentioned, which leases * * * were taken in the name of said Roy R.

Powers; and that said Charles A. Fisher, after the assignments to the plaintiff of approximately one-half of the acreage set forth in certain of the oil and gas leases had been made to the plaintiff herein said Fisher, in addition to filing of record the leases allotted to said Powers, promised and agreed as agent of the plaintiff to keep safely for plaintiff and duly file of record with the proper recording authorities in the counties where the leased lands were situated the leases which had been apportioned to the plaintiff herein."

Plaintiffs further alleged in substance that after exhibit G, the assignment, had been executed and acknowledged by Roy R. Powers before Charles A. Fisher as notary public, who also signed as a witness, that all of the gas and oil leases, including those belonging to Roy R. Powers and plaintiffs, were left, but just when is not alleged, with defendant "for the purpose of having them filed of record in the proper counties" as aforesaid, but "that after the plaintiff had filed said Assignment of Leases, Exhibit 'G', of record," just when is not alleged, "he discovered that said leases and his share thereof had never been recorded but had been returned to the defendant Powers." Further, just when they were so returned is not alleged. In that connection, plaintiff well knew at all times that defendant Charles A. Fisher was employed as attorney by Roy R. Powers and A. A. Kennedy for the purpose of taking, assigning, and recording the very leases here involved.

In such situation, as a matter of course, defendant Charles A. Fisher was at all times the attorney and as such the agent of Roy R. Powers, and plaintiffs' allegation that defendant Charles A. Fisher was their agent was simply a conclusion of law which the alleged facts do not support. There is no allegation that the leases were ever delivered to plaintiffs by Roy R. Powers or in their possession, or that possession thereof was ever delivered to defendant Charles A. Fisher by plaintiffs for the purpose of recording and then redelivery thereof to

plaintiffs. The leases were simply "left with the defendant, Charles A. Fisher, for the purpose of having them filed of record" by him, who was at all times Roy R. Powers' agent. Clearly, Charles A. Fisher's possession was Roy R. Powers' possession, so that Charles A. Fisher was not a bailee or agent for plaintiffs but was simply the attorney for and agent of Powers and under his control at all times, to whom Charles A. Fisher owed an undivided allegiance and fidelity. Plaintiffs were cognizant of such facts and relations at all times and recognized their controlling importance by failing to allege directly that any demand was ever made by them upon Charles A. Fisher to record the leases or perform any alleged agreement with them.

As said in Restatement, Agency, § 1, p. 7: "Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." In comment d, p. 10, it is said: " 'Agent' is a word used to describe a person authorized by another to act on his account and under his control."

As stated in 2 C. J. S., Agency, § 2, p. 1026: "The distinguishing features of agency are its representative character and its derivative authority. Whether a particular relationship is an agency depends on the relations of the parties as they in fact exist, without regard to what they call their relationship." Also, "It is the duty of an agent, in all transactions concerning or affecting the subject matter of the agency, to act with the utmost good faith and loyalty to further the principal's interests." 3 C. J. S., Agency, § 138, p. 6. Such statements are controlling here. In that regard, also, the distinctions between an agent and a bailee will be found in 2 C. J. S., Agency, § 2, p. 1027.

Plaintiffs also alleged as a conclusion that Charles A. Fisher, Roy R. Powers, and A. A. Kennedy colluded together to thereby prevent plaintiffs from obtaining possession of their share of the leases, and made it impos-

sible for them to sell or otherwise use the same to obtain aid with which to complete a test well then being drilled by Roy R. Powers under his drilling contract with plaintiff, Valentine Oil Company, which required it to pay for drilling same in installments upon a graduated scale of depth as the well progressed. In that connection, it is conceded that plaintiffs almost from the beginning defaulted in the payment of such installments, whereupon Roy R. Powers exercised his option as provided in such drilling contract, removed his drilling equipment, and abandoned drilling the well. We find nothing in any agreement even suggesting that the money for payment of such installments by plaintiffs was to be raised in any such manner. They were simply required to be paid, which plaintiffs failed to do.

In the light of such situation, we conclude that no well was commenced within a year from date of the leases, as required therein. Further, it is conceded that neither Roy R. Powers as lessee, nor plaintiffs as assignee of the leases here involved, whose duty it was to do so, ever paid or tendered any annual rentals to the lessors on April 24, 1948, or thereafter, as required by the leases here involved. Thus, as pointed out in Valentine Oil Co. v. Powers, *supra*, they were thereby each and all of them automatically terminated and were void when this action was commenced, which will not permit equity to award relief as prayed by plaintiffs.

The mere failure to record the leases did not of itself invalidate or terminate them. If they had been recorded, as was the assignment thereof, it would only have made operative Chapter 57, article 2, R. R. S. 1943, and under the circumstances presented here defendant Charles A. Fisher was not responsible in any event for any loss suffered by plaintiffs' own failure to commence a well within a year or to pay or tender delay rentals as required in order to give the leases continued validity.

For reasons heretofore stated, and related reasons stated in Valentine Oil Co. v. Powers, *supra*, we con-

clude that the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.