ROBERT GINN, APPELLANT, V. DONALD G. LAMP, APPELLEE.

450 N.W.2d 388

Filed January 12, 1990.    No. 88-160.

Murray Ogborn and Roger P. Cox, of Nelson & Harding, for appellant.

P. Shawn McCann and Joseph S. Daly, of Sodoro, Daly & Sodoro, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Robert Ginn appeals the dismissal of his claim against the appellee, Donald G. Lamp, for personal injuries the appellant sustained in a water-skiing accident on Ginger Cove Lake near Valley, Nebraska.

We affirm an evidentiary ruling of the district court for Douglas County, reverse its action in directing a verdict against Ginn, and remand the cause for a new trial.

Ginn was injured on July 9, 1980, while he was water-skiing on the lake that abutted the leasehold on which his parents maintained a house. Appellant's witnesses testified that the area where Ginn was water-skiing, commonly referred to as "Skinny River," was approximately 200 to 250 feet wide, with an approximate depth of 18 to 34 inches where he fell. Ginn alleged he fell while water-skiing and struck his head on the bottom of the lakebed, resulting in a traumatic fracture of the C5-6 vertebras, rendering him a quadriplegic.

In his amended petition, appellant contends that before and at the time of the accident, Lamp acted as a landlord over the Ginger Cove development and, as such, breached his duty to maintain a reasonably safe condition on the lake, a common area, in the following respects: (1) by failing to maintain sufficient water depth to accommodate the intended and expected recreational uses of the common area of the lake where appellant fell, (2) by failing to dredge to a safe depth in the area of the lake where appellant fell, and (3) by failing to warn of the existence of the dangerous condition of shallow water in the area of the lake where appellant fell.

In his answer, Lamp admitted that Ginn was injured on Ginger Cove Lake, but denied appellee was acting as a landlord or that he had a duty to maintain common areas of Ginger Cove

in a reasonably safe condition. Lamp alleged that Marjorie Lamp was in fact the landlord of Ginger Cove. He raised the defenses of contributory negligence and assumption of the risk on the part of Ginn.

In presenting his case, Ginn attempted to introduce a declaration of insurance to prove that Lamp exercised control over the Ginger Cove development. Lamp objected on the grounds that the probative value of the declaration was outweighed by the danger of unfair prejudice and, further, that the declaration did not establish that Lamp was in control of Ginger Cove Lake. See Neb. Rev. Stat. § 27-403 (Reissue 1985). The trial court sustained Lamp's objection, stating that there was no mention of ownership or control of the property in the declaration of insurance, and, as such, it would be extremely prejudicial, without any probative value.

At the close of appellant's evidence, the trial court sustained Lamp's motion for directed verdict and dismissed the case. Ginn's motion for a new trial was overruled.

On appeal, Ginn contends the trial court erred in (1) sustaining Lamp's motion for directed verdict; (2) determining that appellant failed to present sufficient evidence to raise a question of fact for the jury to resolve on the issue of whether Lamp was a landlord or an acting landlord of the Ginger Cove development at the time appellant sustained his injuries; and (3) excluding evidence of Lamp's property/liability insurance under Neb. Evid. R. 403 (Neb. Rev. Stat. § 27-403 (Reissue 1985)), which evidence was offered to prove "ownership" or "control" pursuant to Neb. Evid. R. 411 (Neb. Rev. Stat. § 27-411 (Reissue 1985)).

We address Ginn's first two assignments of error together. In order to sustain a motion for a directed verdict, the court resolves the controversy as a matter of law and may do so only when the facts are such that reasonable minds can draw but one conclusion. *Cassio v. Creighton University*, 233 Neb. 160, 446 N.W.2d 704 (1989). In considering the evidence for the purpose of a motion for directed verdict, the party against whom a motion is made is entitled to have the benefit of every inference which can reasonably be drawn from the evidence. If there is any evidence in favor of the party against whom the motion is

made, the case may not be decided as a matter of law. *Id.*

The trial court sustained Lamp's motion for directed verdict, stating, "[T]here is no showing that Don Lamp, by competent evidence that would allow the case to go to the jury, is a landlord [and] there is insufficient evidence to show that he was an acting landlord, too, to allow it to go to the jury." We note that Ginn's amended petition does not allege that Lamp was a landlord. Rather, it alleges Lamp "acted as landlord." Therefore, we limit our review to the facts alleged in the appellant's amended petition and review the record to determine if there was evidence from which a jury could find that the appellee "acted as landlord" over Ginger Cove.

Although we have not passed upon the definition of an "acting landlord," its intended meaning is apparent from a reading of the appellant's amended petition. In substance, the amended petition alleges that Lamp was acting as an agent. A relationship may be an agency regardless of what the parties call it. *Valentine Oil Co. v. Powers,* 157 Neb. 87, 59 N.W.2d 160 (1953).

At trial, circumstantial evidence adduced by appellant established a prima facie case that before and at the time of Ginn's accident, Lamp acted as a custodial agent. One who is in complete control over land is under the same duty to protect others from the condition of such land as is the actual possessor. See Restatement (Second) of Agency § 355, comment *a.* (1958). See, also, *Simon v. Omaha P. P. Dist.,* 189 Neb. 183, 202 N.W.2d 157 (1972). "The custodian in complete charge is not excused from liability by the fact that he is acting for the benefit of another. He is subject to the same liability and has the same immunities as the possessor." The Restatement, *supra* at comment *a.* at 129. See, also, the Restatement, *supra,* comment *b.* (an agent with limited control over land is subject to liability only to the extent that he is authorized to exercise such control).

Under the custodial agent theory, Ginn would be required to prove, among other things, that he was a guest or invitee and entitled to water-ski on the lake; that he was injured by a condition on the lake involving an unreasonable risk of harm to water skiers; that the appellant's accident occurred on a part of Ginger Cove Lake that was under the control of Lamp; that

Lamp, as a custodial agent, knew, or in the exercise of reasonable care should have known, of the condition and the unreasonable risk involved to water skiers and could have, in the exercise of reasonable care, made the condition safe or provided adequate warning of the condition; and that Lamp failed to exercise reasonable care to make the condition safe or to provide adequate warning. See *Danner v. Myott Park, Ltd.*, 209 Neb. 103, 306 N.W.2d 580 (1981). See, also, Restatement (Second) of Torts § 360 (1965); NJI2d 8.32.

From the evidence adduced by Ginn, a jury could find that the appellant, when he was involved in the water-skiing accident, was a guest or invitee of his parents, who maintained a house on land they leased at Ginger Cove. The jury could further find that as a part of the parents' lease, the lake upon which Ginn's accident occurred was for the use in common of the Ginger Cove lessees. " '[G]uests and invitees of the tenant derive their right to enter upon the premises leased, through the tenant, and have the same but no greater right to proceed against the landlord for personal injuries resulting from alleged defects on the premises than the tenant has.' " *Roan v. Bruckner*, 180 Neb. 399, 403, 143 N.W.2d 108, 111 (1966) (quoting *Van Avery v. Platte Valley Land & Investment Co.*, 133 Neb. 314, 275 N.W. 288 (1937)).

On the issue of control over Ginger Cove Lake, Ginn adduced evidence that Lamp promulgated and proposed the rules and regulations of the Ginger Cove Homeowners Association and that the lessees negotiated with Lamp for changes in the rules and regulations. There was evidence that Lamp collected $50 from the lessees to enforce the rules and was the person to call if there were any safety problems on the lake. There also was evidence that rental payments were paid to Lamp and that Lamp made assessments for any additional charges on the property. There was testimony that Lamp was the person to call to lower the water level of the lake.

The evidence adduced by Ginn established a prima facie case of liability against Lamp. The trial court erred in directing a verdict in his favor at the close of appellant's evidence.

Appellant's final assignment of error claims the trial court erred in failing to admit into evidence a declaration of insurance

offered for the purpose of proving Lamp's control over Ginger Cove. A review of the declaration reveals that the trial court correctly excluded the declaration. Nothing in the declaration proves that Lamp asserted control over Ginger Cove. The declaration reads, in pertinent part, as follows:

Donald G. Lamp; Marjorie M. Lamp
Named Insured: DBA: Ginger Cove; Ginger Woods Home Association;
Ginger Woods II Home Association

The only reference to Ginger Cove in the declaration is associated with Marjorie M. Lamp. As such, the policy has no probative value in proving Donald Lamp exercised control over Ginger Cove, and its admission would have been prejudicial.

This matter is reversed and remanded for a new trial.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR A NEW TRIAL.

CAPORALE, J., not participating.