LOWELL BRAY, APPELLEE, V. KATE, INC., DOING BUSINESS AS
STOCKADE RESTAURANT & LOUNGE, APPELLANT.

454 N.W.2d 698

Filed May 11, 1990.    No. 88-516.

Michael A. Fortune and Jerald L. Rauterkus, of Erickson & Sederstrom, P.C., for appellant.

Terrence J. Salerno, of Schrempp & Salerno, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from a jury verdict for plaintiff in a negligence action. We affirm.

Plaintiff, Lowell Bray, filed a petition in the Douglas County District Court seeking damages for injuries sustained when he slipped on ice on defendant's premises. In its amended answer, the defendant, Kate, Inc., doing business as Stockade Restaurant & Lounge, denied the petition's allegations and alleged that plaintiff was contributorily negligent in failing to keep a proper lookout and in walking in such a manner that he lost his balance. It further alleged that plaintiff "voluntarily assumed the risk of whatever dangerous condition existed."

The matter was tried to a jury. Evidence presented by Bray at trial showed that the Millard area in Douglas County, Nebraska, received approximately 2.2 inches of snow during the December 9, 1985, 24-hour period. The snow had accumulated throughout the day on December 9, with the snowfall ending sometime between midnight and 3 a.m. on December 10. The temperature on those 2 days was approximately 15 to 21 degrees.

Bray worked in an office located on the west side of Millard Avenue in Millard. On December 10, Bray left his office to have lunch across the street at the Stockade Restaurant, owned by defendant. The restaurant is located on the corner of 134th Street and Millard Avenue. To get to the restaurant, Bray crossed Millard Avenue; walked along the restaurant's west sidewalk, which runs parallel to Millard Avenue; turned the corner and walked along the restaurant's south sidewalk, which runs parallel to 134th Street; and eventually reached an entrance located on the south side. Bray, having dined there about three times weekly, testified this was his usual route. He testified that although the sidewalks were covered with several inches of snow, he walked with little difficulty across the sidewalks, using a snowpacked path.

Upon nearing the door, Bray noticed two women, who were also moving toward the door, coming from a rear parking lot. Wanting to open the door for the women, Bray used "a little extra effort" to reach the door first, whereupon he slipped and fell, injuring his shoulder. He testified that he knew he slipped on ice because he "felt the ice when [he] slipped," but that he did not know there was ice near the door prior to the fall. Bray offered no evidence that others actually saw the ice near the

door that day. Prior to resting his case, Bray read into evidence an admission that the defendant's premises were not salted on or about December 10, 1985. At the close of plaintiff's evidence, the defendant moved for a directed verdict. This motion was overruled.

The defendant then presented evidence tending to show that its management personnel had a snow and ice removal procedure, but that they had no notice or knowledge that ice was near the front door. At the close of its evidence, defendant renewed its motion for directed verdict. This motion was overruled.

The jury returned a verdict for Bray. Defendant subsequently moved for a judgment notwithstanding the verdict or, in the alternative, a new trial. This motion was also overruled, and defendant appealed to this court.

Summarized, defendant contends on appeal that the trial court erred in overruling its motions for directed verdict because the evidence showed that, as a matter of law, defendant owed no duty to plaintiff; plaintiff was contributorily negligent; and plaintiff assumed the risk of any injury. This court has stated that in order to sustain a motion for directed verdict, the court resolves the controversy as a matter of law and may do so only when the facts are such that reasonable minds can draw but one conclusion. *Ginn v. Lamp*, 234 Neb. 198, 450 N.W.2d 388 (1990). In considering the evidence for the purpose of a motion for directed verdict, the party against whom a motion is made is entitled to have the benefit of every inference which can reasonably be drawn from the evidence. If there is any evidence in favor of the party against whom the motion is made, the case may not be decided as a matter of law. *Ginn, supra.*

In its brief, defendant urges this court to adopt a possessor's duty of care other than the duty which is now required under Nebraska law. We decline to do so. Recently, in *Burns v. Veterans of Foreign Wars*, 231 Neb. 844, 438 N.W.2d 485 (1989), this court synthesized our earlier cases and clearly stated the duty of care a possessor of land owes to an invitee:

> In view of this court's decisions in *Tichenor v. Lohaus*, 212 Neb. 218, 322 N.W.2d 629 (1982), *Corbin v. Mann's Int'l Meat Specialties*, 214 Neb. 222, 333 N.W.2d 668

(1983), and *Carnes v. Weesner*, [229 Neb. 641, 428 N.W.2d 493 (1988)], the correct statement of Nebraska law is: A possessor of land is subject to liability for injury caused to a business invitee by a condition on the land if (1) the possessor defendant either created the condition, knew of the condition, or by the exercise of reasonable care would have discovered the condition; (2) the defendant should have realized the condition involved an unreasonable risk of harm to a business invitee; (3) the defendant should have expected that a business invitee such as the plaintiff, either (a) would not discover or realize the danger, or (b) would fail to protect himself or herself against the danger; (4) the defendant failed to use reasonable care to protect the plaintiff invitee against the danger; and (5) the condition was a proximate cause of damage to the plaintiff.

231 Neb. at 855-56, 438 N.W.2d at 493.

In *Burns*, we also stated that a plaintiff is contributorily negligent if (1) the plaintiff fails to protect himself or herself from injury; (2) the plaintiff's conduct concurs and cooperates with the defendant's actionable negligence; and (3) the plaintiff's conduct contributes to the plaintiff's injuries as a proximate cause.

In *Vanek v. Prohaska*, 233 Neb. 848, 448 N.W.2d 573 (1989), we stated that the defense of assumption of risk presupposes that the injured party had some actual knowledge of the danger, that he understood and appreciated the risk therefrom, and that he voluntarily exposed himself to that risk.

As to the existence of a duty to the invitee and the existence of the invitee's contributory negligence, a clear factual issue was presented and resolved by the jury verdict. As to the issue of assumption of risk by the invitee, we are convinced that it was not established as a matter of law. The issue of whether there was sufficient evidence to submit to the jury the defense of assumption of risk is not before us, and we do not decide that issue. The trial court did not err in overruling the motions for directed verdict. Accordingly, the judgment for the plaintiff, Lowell Bray, is affirmed.

AFFIRMED.

BOSLAUGH, J., dissents.