DOUGLAS CORBIN, APPELLANT, V. MANN'S
INTERNATIONAL MEAT SPECIALTIES, INC., APPELLEE.

333 N.W.2d 668

Filed May 6, 1983. No. 81-802.

Michael A. Nelsen of Schmid, Ford, Mooney & Frederick, for appellant.

Joseph S. Daly and P. Shawn McCann of Sodoro, Daly & Sodoro, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and MORAN, D.J.

MORAN, D.J.

The defendant, Mann's International Meat Specialties, Inc., secured a jury verdict in its favor in a personal injury action, and the plaintiff, Douglas Corbin, appeals from the order overruling his motion for a new trial. We reverse and remand for a new trial.

Corbin was injured after slipping and falling on an icy sidewalk leading from Mann's parking lot to its meat processing plant. Corbin, an inspector employed by the U.S. Department of Agriculture, had gone to the plant to inspect it. Mann's wanted the plant inspected so that it could secure USDA approval necessary for opening and commencement of business. The temperature was below freezing and the streets were icy when Corbin drove to the plant and parked his car in the plant parking lot at about 6 a.m. Aware of the icy conditions, he carefully walked on the icy sidewalk to get into the plant. While working in the plant he mentioned to the plant

supervisor that the sidewalks were in bad shape and needed treatment. Corbin's supervisor arrived and Corbin told him he did not think the plant was in shape to open. The supervisor left and was to return around noon to determine whether the plant could be opened. After doing some work in the USDA office in the unheated building, Corbin became cold and left the building, retracing the route he took when he entered, and returned to his car. While warming up in his car, he saw a plant secretary slip and fall on the icy sidewalk. After getting warm, Corbin decided to return to the plant to finish his work before his supervisor returned at noon. Corbin testified he left his car and cautiously walked on the same sidewalk to reenter the plant. As he did so, he slipped and fell, sustaining the injuries for which he seeks recovery in this case.

Corbin complains of jury instruction No. 8. The instruction is similar to NJI 8.22, and the critical part is as follows: "If you find all the following conditions are true, the defendant had a duty to use reasonable care:

"(a) There was a condition on the walkway leading to defendant's plant involving an unreasonable risk of harm to plaintiff, which defendant knew of, or, in the exercise of reasonable care, should have discovered; and

"(b) Defendant had no reasonable ground to believe that plaintiff could discover that condition or realize the risk involved, or that he would fail to protect himself against the danger; and

"*(c) Plaintiff did not know or, from facts known to him, could not reasonably have been expected to know of the condition and risk involved.*" (Emphasis supplied.)

Since Corbin knew of the ice and that it was dangerous, he correctly argues that paragraph (c) amounted to a directed verdict against him.

The jury was instructed on the issue of whether Corbin was contributorily negligent. It is possible

the verdict was reached on that ground, but we cannot speculate that it was.

After the trial of this case this court determined that an invitor can be liable for a dangerous condition on his land which is known to an invitee. *Tichenor v. Lohaus*, 212 Neb. 218, 322 N.W.2d 629 (1982). In that case this court reaffirmed the applicability of Restatement (Second) of Torts § 343 (1965) and adopted § 343 A. The pertinent parts of these sections state: "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it," § 343; and "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness,*" (emphasis supplied) § 343 A.

In *Tichenor* we pointed out that subsection (b) of § 343 contains alternatives, and although the danger may be open and obvious or known, the possessor of land may be liable if he should expect that the invitee will fail to protect himself against it. We also said that a complete statement of the rules applicable to liability of possessors of land for dangerous conditions known or discoverable by the possessor includes § 343 A. We quoted commentary *f.* to that section: " 'There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee

for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

" 'Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk.' " *Tichenor* at 223, 322 N.W.2d at 632-33.

W. Prosser, Law of Torts, *Invitees* 394 (4th ed. 1971) notes that an exception exists to the usual rule that a possessor has no obligation to protect the invitee against dangers which are known to him. The exception arises in cases in which the possessor, as a reasonable man, should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition.

The adoption in *Tichenor* of § 343 A reflects the modern view. See Annot., Modern Status of the Rule Absolving a Possessor of Land of Liability to Those Coming Thereon for Harm Caused by Dangerous Physical Conditions of Which the Injured Party Knew and Realized the Risk, 35 A.L.R.3d 230 at 254 (1971).

The question is whether § 343 A could apply to the facts of this case. The evidence showed Corbin's

employment required him to be at Mann's plant. His employer sent him there on the day he was injured. Mann's owner, anxious to secure USDA approval necessary for commencement of operations that day, wanted him at the plant. Corbin's supervisor planned to return to review the situation, and, when injured, Corbin was returning to the plant to complete the work necessary for the supervisor's final review. Based on these facts Mann's could have had reason to expect that Corbin would proceed as he did because to a reasonable man in Corbin's position the advantages of doing so would outweigh the apparent risk.

We conclude that a jury question was presented as to whether Mann's adequately fulfilled its duty, and under the circumstances paragraph (c) in instruction No. 8 was prejudicially erroneous. It was patent error which requires a reversal. *Barta v. Betzer*, 190 Neb. 752, 212 N.W.2d 352 (1973).

Paragraph (c) of the instruction should have reflected the language in § 343 A, which makes Corbin's knowledge of the danger not fatal to recovery if the jury found Mann's should have anticipated the harm despite Corbin's knowledge.

REVERSED AND REMANDED.