PATRICK R. RUSSELL, APPELLANT, V. STEVE NORTON ET AL., APPELLEES.

427 N.W.2d 762

Filed August 5, 1988.   No. 86-697.

Patrick Russell, pro se.

Robert M. Spire, Attorney General, and Steven J. Moeller for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Plaintiff-appellant is an inmate in the Nebraska Penal and Correctional Complex. He filed a civil suit in the district court for Lancaster County against defendants-appellees, Steve Norton, Fred Britten, Dennis Bakewell, William Foster, and Laurie Smith-Camp. Defendants are employees of the State of Nebraska, working at various levels in the Nebraska Department of Correctional Services. Plaintiff's petition alleges generally that certain letters he attempted to mail on January 21, 1985, were not "handed over to the United States Postal Service until January 25, 1985"; that plaintiff was not permitted to make a telephone call to the Federal Bureau of Investigation; and that plaintiff was not given requested copies of the Lincoln Correctional Center official memorandums. Plaintiff asked for punitive damages in varying amounts against each of the defendants in his or her official capacity and individually, and for an order requiring defendants to follow the rules and regulations of the Nebraska Department of Correctional Services.

Defendants answered in the form of a general denial of plaintiff's allegations.

Trial was held to the court in Lancaster County. At the conclusion of plaintiff's evidence, the court sustained defendants' motion for directed verdict and dismissed the case. Plaintiff appeals.

In his brief on appeal, plaintiff assigns the following errors:

1. Judge Blue errored [sic] in failing to grant the Appellant relief sought in the form of Court Orders.

2. Judge Blue errored [sic] in not properly identifying and receiving Appellants [sic] exhibits at the Pre-trial Conference.

3. Judge Blue errored [sic] in not making a Pre-trial Conference Statement as required by the Nebraska Practice Digest.

4. Judge Blue errored [sic] in not finding Witness Freda [sic] Cramer in contempt of Court for her failure to bring records with her called for by a Subpoena duces tecum and permitting the trial to continue in the absence of such exhibits.

We affirm.

With regard to assignments Nos. 2 and 3, there is no evidence in the record before us of any pretrial conferences, and the matters raised in these assignments are not before us. The assignments are without merit.

With regard to assignment of error No. 4, the record shows that Frieda Cramer was called as a witness by plaintiff. She was the mailroom supervisor at the Lincoln Correctional Center. No suggestion was made that this witness was in contempt, nor was the court asked to find her in contempt. The witness fully answered all the questions directed to her by plaintiff. Plaintiff's fourth assignment is without merit.

With regard to plaintiff's first assignment of error, we are aware of our rule that, generally, this court will not consider generalized and vague assertions of error which do not advise us of the issues submitted for decision. *Coyle v. Janssen*, 212 Neb. 785, 326 N.W.2d 44 (1982). Nonetheless, in this particular instance, we will consider that the assignment means that plaintiff contends that the evidence was not such that defendants were entitled to a directed verdict, and we will examine the evidence in that light. On appeal from an order of a trial court dismissing an action at the close of plaintiff's evidence, this court must determine whether the cause of action was proved and must accept plaintiff's evidence as true, together with reasonable conclusions deducible from that evidence. *Hahn & Hupf Constr. v. Highlands Heights Nsg. Home*, 222 Neb. 189, 382 N.W.2d 607 (1986).

When the evidence is so viewed, it is apparent that the record shows plaintiff has not suffered any damages. Insofar as plaintiff requests that the court order that defendants follow the rules of the Department of Correctional Services, the evidence does not show that defendants have violated any rules.

With regard to the issue of the mailing of defendant's three letters, testimony showed that the applicable rule provided that, generally, prisoners' mail will be deposited within 24 hours. The evidence shows that plaintiff's letters were not presented for regular mailing, but were given to one of the defendants to be sent certified mail. Such mail requires that plaintiff pay additional postal fees. This was done by the execution of a

check by plaintiff and the attaching of the check to the letters. The determination of the validity of the check necessarily required some delay. The letters were placed in the mail on January 25, 1985. There was no evidence that there was any intentional delay of plaintiff's outgoing mail.

Similarly, there was no evidence that plaintiff was denied placing a telephone call when plaintiff followed the appropriate regulations of the prison.

With regard to the allegation that plaintiff was prevented from copying memorandum orders, the evidence is clear that plaintiff was given permission to copy unrestricted orders, so long as plaintiff paid for such copies. Plaintiff was properly denied the right to copy *all* orders, since some of those orders affected the security of the prison.

Plaintiff's first assignment of error is without merit. The decision of the trial court is affirmed.

AFFIRMED.