DAPHANE Y. JONES, APPELLANT, V. ERVIN H. GOEDEN, APPELLEE.

440 N.W.2d 199

Filed May 19, 1989. No. 87-872.

William L. Switzer, Jr., of Rickerson, Welch & Kruger, for appellant.

James W. Knowles, Jr., of Knowles Law Office, for appellee.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and MCGINN, D.J.

FAHRNBRUCH, J.

Daphane Y. Jones appeals the trial court's dismissal of her property damage claim arising from a two-car collision at 52d and Leavenworth Streets in Omaha, Nebraska. A directed verdict against Mrs. Jones was entered upon the close of her evidence. We reverse and remand the property damage claim for a new trial.

In addition to the property damages, Mrs. Jones sued for personal injuries. A jury verdict awarded Mrs. Jones personal injury damages. That cause of action was not appealed.

On appeal from an order of a trial court dismissing an action at the close of the plaintiff's evidence, this court must accept plaintiff's evidence as true, together with reasonable conclusions deducible from that evidence. *Henderson v. Forman*, 231 Neb. 440, 436 N.W.2d 526 (1989); *Russell v. Norton*, 229 Neb. 379, 427 N.W.2d 762 (1988). A directed verdict is proper only where an issue should be decided as a matter of law. *Commerce Sav. Scottsbluff v. F.H. Schafer Elev.*, 231 Neb. 288, 436 N.W.2d 151 (1989).

At the time of the accident, Mrs. Jones was a passenger in a car traveling west in the curb lane on Leavenworth Street. The

car was being driven by appellant's husband, Warren G. Jones. The accident occurred when the appellee, Ervin H. Goeden, who was traveling east on Leavenworth Street, made a left-hand turn north onto 52d Street in front of the Joneses' westbound vehicle.

Goeden testified that he saw westbound traffic approximately 200 feet away approaching the intersection, but thought he could safely complete his turn. He said he did not see the Jones vehicle specifically until just before the impact. Goeden testified that he "assumes" the Jones car was among the approaching traffic. Mr. Jones testified that he did not see Goeden's car until it was too late to stop. Goeden, who testified he was traveling from 5 to 10 m.p.h., made his left-hand turn across two lanes of traffic without ever stopping. A traffic light at the intersection was green for eastbound and westbound traffic.

Mr. Jones testified he had been driving the speed limit, 35 m.p.h. Mrs. Jones testified that her car was traveling no more than 39 m.p.h. Both the defendant and Mr. Jones stated that immediately following the collision, Mrs. Jones berated her husband for driving "crazy."

Before trial, Mr. Jones assigned his property damage claim to his wife. At the close of plaintiff's evidence, the district court sustained defendant's motion for a directed verdict as to the property damage claim. The court reasoned that Mr. Jones "was [contributorily] negligent and, if not contributorily negligent, at least she [Mrs. Jones] should be barred from recovery . . . ."

Mrs. Jones assigns one error: that the trial court erred in sustaining the defendant's motion for a directed verdict in regard to her property damage claim.

The trial court did not specify how Mr. Jones was contributorily negligent. Goeden raises two arguments in his brief: (1) that Mr. Jones was contributorily negligent as a matter of law in exceeding the speed limit, and (2) that Mr. Jones was contributorily negligent as a matter of law in failing to see the defendant's car.

Appellant's evidence regarding the speed of the Jones vehicle is in conflict. It was traveling between the speed limit, 35

m.p.h., and 39 m.p.h. Taking the view most favorable to the plaintiff, the Jones car was not exceeding the speed limit at the time of the accident. Evidence of the speed of the Jones vehicle presented in the appellee's case in chief was not before the trial court at the time the motion for directed verdict was sustained and cannot be considered on review. See *Henderson, supra.*

The evidence does not support a finding that Mr. Jones was contributorily negligent as a matter of law because he was exceeding the speed limit at the time of the accident.

In a city, speed limits are established by city ordinance and sometimes by state statutes. A violation of a statute or ordinance regulating speed does not in and of itself constitute negligence, but any such violation is evidence which may be considered with all other facts and circumstances of the case in determining whether the violation is negligence. See, *Hartman v. Brady*, 201 Neb. 558, 270 N.W.2d 909 (1978); *Peake v. Omaha Cold Storage Co.*, 158 Neb. 676, 64 N.W.2d 470 (1954).

Goeden also argues that Mr. Jones was contributorily negligent as a matter of law because he failed to see Goeden's car. Generally, the failure to see an approaching vehicle is not negligence as a matter of law unless the vehicle is undisputably located in a favored position. *Getzschman v. Yard Co.*, 229 Neb. 231, 426 N.W.2d 499 (1988). Before a verdict can be properly directed against one who has looked and failed to see, the oncoming motor vehicle must be definitely located in a favored position. Otherwise, the question becomes one for the jury. *Id.*

From Mrs. Jones' evidence, it cannot be said that Goeden was undisputably in the favored position. Nor does Goeden argue that he was in a favored position at the time of the accident.

Neb. Rev. Stat. § 39-636 (Reissue 1988) provides that "[t]he driver of a vehicle who intends to turn to the left within an intersection . . . shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or approaching so close as to constitute an immediate hazard."

Goeden's testimony is subject to two interpretations. He assumes that the Jones vehicle was among the traffic he saw

coming from the east toward the intersection. If that is true, Goeden misjudged the speed and distance of the approaching traffic and proceeded to turn, possibly in violation of § 39-636.

The other inference which can be drawn from Goeden's testimony is that the car driven by Mr. Jones was not among the approaching traffic but was nearer the intersection and that Goeden failed to see the Jones vehicle. In that instance, where both drivers failed to see the other car, one driver was in the favored position and the other was negligent as a matter of law.

No matter which scenario is employed, the question of who was in the favored position is one for the jury. It is for the jury to determine whether Goeden misjudged the situation or failed to see the Jones car. Where a motorist looks and does not see an approaching vehicle, or, seeing one, erroneously misjudges its speed and distance, or for some other reason assumes that he can proceed and avoid a collision, the question of negligence is usually one for the jury. *Getzschman, supra.*

Goeden's negligence, if any, and Jones' negligence, if any, and the degree thereof when one is compared with the other are questions for the jury. The motion for directed verdict on the issue of property damages at the end of plaintiff's case was not properly granted.

The decision of the trial court granting defendant's motion for a directed verdict is reversed and the cause remanded for a new trial on the property damage claim.

REVERSED AND REMANDED FOR A NEW TRIAL.