IVA MAE HAMERNICK, APPELLANT, AND AETNA LIFE AND
CASUALTY CO., APPELLEE, V. ESSEX DODGE LTD. AND THE
LUND COMPANY, APPELLEES.

527 N.W.2d 196

Filed February 10, 1995.   No. S-93-399.

Ronald J. Palagi and, on brief, Jean V. Faulconbridge for
appellant.

J. Michael Coffey and Ronald H. Stave, of Stave & Coffey,
P.C., for appellees.

HASTINGS, C.J., WHITE, CAPORALE, LANPHIER, and WRIGHT,
JJ., and HOWARD, D.J., Retired.

LANPHIER, J.

The plaintiff-appellant, Iva Mae Hamernick, brought this
suit against The Lund Company and Essex Dodge Ltd. for
personal injuries sustained after slipping and falling in the lobby
of a building maintained by Lund and owned by Essex, who are
the defendants-appellees. After the jury returned a verdict for
the defendants, Hamernick moved for a new trial. The district
court for Douglas County overruled her motion for a new trial,

and Hamernick appeals from that ruling. Hamernick contends that the jury was improperly instructed. The instruction complained of stated that if the evidence showed that her knowledge of the dangerous condition was comparable to that of the defendants, then the defendants must prevail. We agree that this was an improper instruction. We therefore conclude that the district court erred in overruling Hamernick's motion for a new trial.

## BACKGROUND

On December 12, 1988, while on her way to work, Hamernick fell in the lobby of The Mark Building. Hamernick was employed by Cornhusker Casualty Co., located on the third floor of The Mark Building. At that time, The Mark Building was owned by defendant Essex and maintained by defendant Lund.

Evidence was adduced showing that the lobby floor was made of marble. On the floor were a series of floormats and runners leading from the building entrance to the elevators. However, the mats and runners did not cover the entire floor. Hamernick testified that as she stepped off one mat on her way to another, she slipped and fell. She testified that she had walked on the floor previously and had not fallen. However, on this occasion she felt her foot slip out from under her as she fell. She also testified that in her opinion the floor was slick.

Sharon Clatterbuck, an employee of Cornhusker Casualty Co., served as liaison between her company and the building management. Clatterbuck testified that she slipped on the marble floor almost every day she entered the building. In Clatterbuck's opinion, "The floor was very slick." Clatterbuck testified that during the period between November 1987 and December 1988, 75 people complained to her about the floor in the lobby being slick and about how they almost slipped and fell. She also testified that she relayed these complaints to the building management.

## ASSIGNMENT OF ERROR

On appeal, Hamernick claims that the district court erred in giving jury instruction No. 8, which stated:

> If you find by the greater weight of the evidence that the

alleged conditions and circumstances are such that the Plaintiff had knowledge of the condition in advance, or should have had knowledge comparable to that of the Defendants, then it may not be said that the Defendants are guilty of actionable negligence and you must find for the Defendants.

## STANDARD OF REVIEW

In an appeal based on the claim of an erroneous instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Sindelar v. Canada Transport, Inc.*, 246 Neb. 559, 520 N.W.2d 203 (1994). All the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating a reversal. *Id.*

## ANALYSIS

The sole issue in this appeal is whether the district court erred in giving jury instruction No. 8. Hamernick submits that jury instruction No. 8 was improper because it conflicts with the law as stated in another jury instruction and because it essentially directs a verdict for the defendants.

A party's right to a fair trial may be substantially impaired by jury instructions that contain inconsistencies or confuse or mislead the jury. *Nebraska Depository Inst. Guar. Corp. v. Stastny*, 243 Neb. 36, 497 N.W.2d 657 (1993). Conflicting instructions are erroneous unless it appears that the jury was not misled. *Juniata Feedyards v. Nuss*, 216 Neb. 29, 342 N.W.2d 1 (1983).

Jury instruction No. 5 states the following:

Before the Plaintiff can recover against the Defendants on her claim of negligence, the Plaintiff must prove, by the greater weight of the evidence, each and all of the following:

1. That the Defendant either created the condition, knew of the condition, or, by the exercise of reasonable care, would have discovered the condition;

2. That the Defendant should have realized that the

condition involved an unreasonable risk of harm to such business visitors;

3. That the Defendant should have expected that business visitors such as the Plaintiff either:

(a) would not discover or realize the danger; or

(b) *would fail to protect themselves against the danger*;

4. That the Defendant failed to use reasonable care to protect business visitors against the danger;

5. That the condition was a proximate cause of some damage to the Plaintiff; and

6. The nature and extent of that damage.

(Emphasis supplied.)

Under jury instruction No. 5, a plaintiff may recover despite knowledge of the dangerous condition, if the defendant should have expected that the plaintiff would fail to protect herself against the danger. See, *Corbin v. Mann's Int'l Meat Specialties*, 214 Neb. 222, 333 N.W.2d 668 (1983); *Tichenor v. Lohaus*, 212 Neb. 218, 322 N.W.2d 629 (1982). However, jury instruction No. 8 would not permit a plaintiff with knowledge of a dangerous condition to recover, regardless of whether the defendant should have expected that the plaintiff would fail to protect herself against the danger.

Thus, as Hamernick contends, the jury instructions are inconsistent. There being no evidence that the jury was not misled by the inconsistent instructions, we conclude that Hamernick suffered prejudice and is, therefore, entitled to a new trial. See *Juniata Feedyards v. Nuss, supra.*

In addition to being inconsistent with another instruction, jury instruction No. 8 is an incorrect statement of the law. Jury instruction No. 8 provides that if the plaintiff had knowledge of the dangerous condition in advance, then the defendants must prevail. In *Carnes v. Weesner*, 229 Neb. 641, 649, 428 N.W.2d 493, 498 (1988), we stated:

In *Tichenor* and *Corbin*, this court expanded the potential for finding a duty owed by possessors to invitees in the area of known or obvious dangers. Prior to these cases, possessors normally had no duty to invitees if the dangers were known and apparent to the invitees. However, in *Tichenor*, we adopted the rationale of the

Restatement, *supra*, § 343 A, and comment *f.* of this section.

Section 343 A at 218 states: "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*"

(Emphasis in *Carnes.*) The Restatement (Second) of Torts § 343 A, comment *f.* at 220 (1965), states:

There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

Thus, contrary to the statement contained in jury instruction No. 8, the current state of the law in Nebraska is that a plaintiff may recover even where the plaintiff has knowledge comparable to that of the defendant, where the dangerous condition is of an open and obvious nature, and where the possessor should expect that the invitee will fail to protect herself from the hazard. *Carnes v. Weesner, supra*; *Corbin v. Mann's Int'l Meat Specialties, supra*; *Tichenor v. Lohaus, supra*.

## CONCLUSION

The inconsistent instructions given in this case deprived Hamernick of a fair trial. The district court, therefore, should have sustained Hamernick's motion for a new trial. The judgment of the district court is reversed, and this action is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.