PAMELA CLOONAN, APPELLANT AND CROSS-APPELLEE, V.
FOOD-4-LESS OF 30TH AND WEBER, INC., APPELLEE AND
CROSS-APPELLANT.

529 N.W.2d 759

Filed March 31, 1995.   No. S-93-444.

Josephine Walsh Wandel and Bernard L. McNary, of Wandel Law Offices, P.C., for appellant.

Susan E. Norris, of Gross & Welch, P.C., for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

FAHRNBRUCH, J.

In this appeal, Pamela Cloonan claims that the district court erred when, at the close of her case in chief, it directed a

verdict against her and dismissed her slip and fall lawsuit against an Omaha grocery store, Food–4–Less of 30th and Weber, Inc. (Food–4–Less).

We affirm the actions of the district court for Douglas County.

## STANDARD OF REVIEW

On appeal from an order of a trial court dismissing an action at the close of the plaintiff's evidence, this court must accept the plaintiff's evidence as true, together with reasonable conclusions deducible from that evidence. *Jones v. Goeden*, 232 Neb. 177, 440 N.W.2d 199 (1989); *Henderson v. Forman*, 231 Neb. 440, 436 N.W.2d 526 (1989). A directed verdict is proper only where an issue should be decided as a matter of law. *Jones, supra*.

## FACTS

Accepting Cloonan's evidence as true and giving Cloonan the benefit of all reasonable conclusions deducible from the evidence, the record reflects the following:

On November 27, 1990, Cloonan became aware from news reports that a freezing drizzle had fallen, but that it had stopped by approximately 11:30 a.m. The news reports indicated, however, that the weather conditions were expected to be worse later in the day. Between 1 and 1:30 p.m., Cloonan's husband drove her to the Food–4–Less store located on North 30th Street in Omaha. Cloonan noticed that the ground was moist and the temperature was chilly but that there was no moisture in the form of falling snow or drizzle.

The Food–4–Less store has a sidewalk in front of the building. Ramps at various locations slope down from the sidewalk to the store's parking lot. The store front has two doors, one near the south end and the other near the north end of the building. Cloonan exited her husband's vehicle near the curb of the sidewalk by the south door. She needed to take only one step from the door of the automobile to the curb where a rubber mat had been placed in front of the south door. Cloonan did not notice the condition of the sidewalk in front of the store at the time she entered the store to purchase groceries.

Upon completing her shopping, Cloonan exited the store

through the north door, pushing a cart containing the groceries she had purchased.

Because the ramp directly in front of the north door looked "glassy and slippery," Cloonan decided to go along the sidewalk to the second ramp which was located farther north. She noticed that there was salt on the sidewalk in front of the north door and that the condition of the sidewalk was "okay."

As Cloonan walked toward the second ramp, she noticed that the sidewalk in front of the store was wet but was not slippery. She looked to her right into the parking lot to find where her husband had parked their car. Cloonan noticed that there was ice at the corner of the building and that the second ramp also appeared slippery. However, the record reflects that Cloonan never walked near the corner of the building nor did she ever reach the second ramp.

Two or three feet before the second ramp, Cloonan slipped and fell *on the sidewalk*. Evidence indicated that Cloonan sustained an injury to her right knee. Cloonan sued Food–4–Less seeking recovery for her injuries. In an amended petition filed on October 3, 1991, Cloonan alleged that she slipped and fell on ice on the sidewalk at the Food–4–Less store and that this ice created a dangerous condition for the store's customers, that Food–4–Less failed to exercise reasonable care to prevent a dangerous condition, that Food–4–Less failed to salt the area upon which Cloonan fell, and that Food–4–Less knew or should have known that there was ice on the sidewalk.

On July 8, 1992, Food–4–Less filed a motion for summary judgment. The district court overruled that motion, and the case proceeded to trial.

At trial, Cloonan testified that on the day she fell, the Food–4–Less sidewalk upon which she was walking was wet, but she stated at least three times that the sidewalk was "okay." Cloonan further testified she was not aware of any ice beneath her before she fell. At no time during her in–court testimony did Cloonan testify that there was ice on the sidewalk where she fell. Although Cloonan testified that "a split second before I fell I could tell I was on something slippery," she did not identify the "something slippery" as ice.

Hazel Henderson, a Salvation Army bellringer, testified that

she saw Cloonan fall and went to her assistance. From where Henderson had been standing, between the building and the ramp in front of the north door, she had a clear view of the sidewalk. She testified that there was ice in the parking lot and on the ramps but that the area where she had been standing on the sidewalk had been either salted or cleared off.

Cloonan testified that after she fell, her husband assisted her to their car and called the Food–4–Less store from a phone booth on the way home to tell the employees that "somebody should check the sidewalk, the sidewalk is icy and that his wife had just fallen." Cloonan's husband did not testify to this phone call when he was on the witness stand.

Thomas Wise, an assistant manager of Food–4–Less, testified that he was not on duty on the day Cloonan fell, but that he received a phone call from Cloonan's husband the day after the accident. An accident report made pursuant to Cloonan's husband's telephone call to Wise reflects that Cloonan's husband reported that his wife had "slipped on some ice." Upon receiving the report from Cloonan's husband, Wise interviewed Food–4–Less employees and found that none of the employees at the store knew of Cloonan's fall.

Wise testified that during icy weather it was his normal procedure as an assistant manager, as was the procedure of the floor runner, to watch the condition of the sidewalk. The floor runner's duties include shoveling and salting the sidewalk.

Charles Johnson, another assistant manager who was acting manager on the day Cloonan fell, also testified as to the store's normal procedure for observing and clearing the sidewalk during icy weather conditions. Johnson testified that he normally arrives at the Food–4–Less store by 6 a.m. and that on days with icy weather he immediately spreads ice melt on the surface of the sidewalk outside the doors. The floor runner arrives at 8 a.m. and is responsible for putting ice melt on the sidewalk. Johnson testified that the floor runner is outside the store approximately every half hour to bring grocery carts into the store and is responsible for evaluating the conditions outside the store and applying ice melt as needed.

Cloonan's doctor, Lynn A. Crosby, M.D., testified by video deposition that on December 12, 1990, he examined Cloonan,

who was complaining of pain in her right knee. Crosby testified that Cloonan told him she fell or slipped on some ice coming out of a store. Crosby further testified that Cloonan's injuries were consistent with a slip on ice.

At the conclusion of Cloonan's case in chief, Food–4–Less moved for a directed verdict. In granting the motion, the district court found, in substance, (1) that there was an absence of proof of negligence on the part of Food–4–Less and (2) that Cloonan was contributorily negligent as a matter of law. The court then dismissed Cloonan's case.

Cloonan filed a motion for a new trial. It was overruled. Cloonan timely appealed to the Nebraska Court of Appeals. We removed the case to this court pursuant to our authority to regulate the caseloads of the appellate courts.

## ASSIGNMENTS OF ERROR

Cloonan contends that the district court erred in (1) failing to find that she had established, as a matter of law, a prima facie case of negligent failure of Food–4–Less to maintain its sidewalk and the right of Cloonan to recover damages as a consequence of her slip and fall on the sidewalk in front of the Food–4–Less store; (2) finding that Cloonan had committed contributory negligence sufficient to bar her from recovering judgment against Food–4–Less as a matter of law; (3) granting Food–4–Less' motion for a directed verdict; and (4) overruling Cloonan's motion for a new trial.

Food–4–Less, on cross–appeal, claims that the district court erred in denying its motion for summary judgment.

## ANALYSIS

We first turn to the issue of whether Cloonan established a prima facie case against Food–4–Less for allegedly failing to use reasonable care to protect Cloonan, its business invitee, from falling on ice on Food–4–Less' sidewalk.

> [A] possessor of land is subject to liability for injury caused to a business invitee by a condition of the land if (1) the possessor defendant either created the condition, knew of the condition, or by the exercise of reasonable care would have discovered the condition; (2) the defendant should have realized the condition involved an

unreasonable risk of harm to a business invitee; (3) the defendant should have expected that a business invitee such as the plaintiff either (a) would not discover or realize the danger, or (b) would fail to protect himself or herself against the danger; (4) the defendant failed to use reasonable care to protect the plaintiff invitee against the danger; and (5) the condition was a proximate cause of damage to the plaintiff.

*Richardson v. Ames Avenue Corp., ante* p. 128, 131–32, 525 N.W.2d 212, 215–16 (1995); *Burns v. Veterans of Foreign Wars*, 231 Neb. 844, 438 N.W.2d 485 (1989). See, also, *Hamernick v. Essex Dodge Ltd., ante* p. 392, 527 N.W.2d 196 (1995); *Carnes v. Weesner*, 229 Neb. 641, 428 N.W.2d 493 (1988); *Corbin v. Mann's Int'l Meat Specialties*, 214 Neb. 222, 333 N.W.2d 668 (1983); *Tichenor v. Lohaus*, 212 Neb. 218, 322 N.W.2d 629 (1982); *Syas v. Nebraska Methodist Hospital Foundation*, 209 Neb. 201, 307 N.W.2d 112 (1981).

Cloonan does not allege that Food–4–Less created an unsafe condition on its sidewalk. Thus, we turn our attention to Cloonan's allegation in her amended petition that Food–4–Less knew or should have known that there was ice on the sidewalk.

A plaintiff must show either actual or constructive notice on the part of the defendant of the condition which caused the plaintiff to fall. See *Richardson, supra*. Cloonan failed to adduce any evidence at trial that Food–4–Less had actual notice of ice or of any other condition of the sidewalk which caused her fall. Therefore, to hold Food–4–Less liable for her fall, Cloonan was required to prove that Food–4–Less had constructive notice of the condition of the sidewalk.

In order for a defendant to have constructive notice of a condition, the condition must be visible and apparent and it must exist for a sufficient length of time prior to an accident to permit a defendant or the defendant's employees to discover and remedy it. See *id*.

The facts in this case are uncontroverted that there was no visible and apparent dangerous condition of the sidewalk. Henderson, an independent witness presented by Cloonan in her case in chief, testified that she had a clear view of the sidewalk in front of the store and that it had been either salted or cleared

off. Cloonan herself testified that the sidewalk was wet, but "okay." Although Henderson and Cloonan testified that the ramps were icy or slippery, the uncontroverted testimony was that Cloonan fell not on a ramp, but on the sidewalk.

Cloonan failed to adduce any evidence that any alleged dangerous condition of Food–4–Less' sidewalk, whether caused by ice or some other slippery substance, was visible or apparent to either Henderson or to Cloonan. Food–4–Less, through its employees, is not required to see what cannot be seen by other human beings. Because Cloonan failed to present any evidence that the alleged dangerous condition of the sidewalk was visible and apparent, Cloonan has failed to prove that Food–4–Less had constructive notice that the sidewalk in front of the store was in a dangerous condition.

There being no evidence that Food–4–Less had actual or constructive knowledge or notice of a dangerous condition of its sidewalk, Cloonan failed in her burden to prove her allegation that Food–4–Less either knew or should have known of the dangerous condition of the sidewalk. Since the record reflects that Food–4–Less had no actual or constructive knowledge or notice of the dangerous condition of its sidewalk, it follows that Food–4–Less cannot, as a matter of law, be held liable to Cloonan for her injuries. Therefore, the district court properly granted Food–4–Less' motion for a directed verdict in its favor at the close of Cloonan's case.

Having determined that the district court properly found that Food–4–Less was entitled to a directed verdict upon the completion of Cloonan's evidence, it is unnecessary for this court to address Cloonan's remaining assignments of error or Food–4–Less' assignment of error on cross–appeal.

## CONCLUSION

The directed verdict in favor of Food–4–Less and the dismissal of the case at the close of Cloonan's evidence entered by the district court is affirmed.

AFFIRMED.

WHITE, C.J., dissenting.

Once again, in a landowner's premises liability case a majority of this court has changed the burden of proof that a

plaintiff must satisfy before he or she is entitled to recover. Before our recent decision in *Richardson v. Ames Avenue Corp.*, *ante* p. 128, 525 N.W.2d 212 (1995), the following standard defined a plaintiff's prima facie case:

> A possessor of land is subject to liability for injury caused to a business invitee by a condition on the land if (1) the possessor defendant either created the condition, knew of the condition, or by the exercise of reasonable care would have discovered the condition; (2) the defendant should have realized the condition involved an unreasonable risk of harm to a business invitee; (3) the defendant should have expected that a business invitee such as the plaintiff, either (a) would not discover or realize the danger, or (b) would fail to protect himself or herself against the danger; (4) the defendant failed to use reasonable care to protect the plaintiff invitee against the danger; and (5) the condition was a proximate cause of damage to the plaintiff.

*Burns v. Veterans of Foreign Wars*, 231 Neb. 844, 856, 438 N.W.2d 485, 493 (1989). See *Scharmann v. Dayton Hudson Corp.*, *ante* p. 304, 526 N.W.2d 436 (1995). Subsequently, in *Richardson* a majority of this court expanded a plaintiff's burden to include a duty to offer how the hazardous condition occurred and its duration. As Justice Lanphier and I pointed out in the dissent, this was not the law in this state prior to *Richardson*.

LANPHIER and CONNOLLY, JJ., join in this dissent.