IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

HYER V. TARGET CORP.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

SHARON L. HYER, APPELLANT,

V.

TARGET CORPORATION ET AL., APPELLEES.

Filed June 6, 2023.    No. A-22-805.

Appeal from the District Court for Douglas County: LEIGH ANN RETELSDORF, Judge. Affirmed.

James R. Welsh and Christopher Welsh, of Welsh & Welsh, P.C., L.L.O., for appellant.

Ronald F. Krause and Michael R. Faz, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee Target Corporation.

Robert S. Keith and Dominique A. Westhoff, of Engles, Ketcham, Olson & Keith, P.C., for appellees T L Street Marketplace NE, L.L.C., T L Street Marketplace Main NE, L.L.C., T L Street Marketplace Land NE, L.L.C., and T L Street Marketplace Pads NE, L.L.C.

PIRTLE, Chief Judge, and MOORE and ARTERBURN, Judges.

ARTERBURN, Judge.

INTRODUCTION

Sharon L. Hyer filed an action in the district court for Douglas County after falling on a sidewalk she believed to be icy outside of a Target store. Hyer appeals the order of the district court granting summary judgment to the defendants. Upon our review of the record, we affirm the order of the district court.

- 1 -

BACKGROUND

On January 18, 2019, Hyer slipped and fell while approaching a Target store located in Omaha, Nebraska. Hyer had left work early that day because the weather forecast predicted freezing rain. Before going home, Hyer drove to the store. She parked in front of Ulta Beauty, which was located next door to the east of Target in the same strip mall. Hyer had no problems walking through the parking lot or in front of the Ulta Beauty entrance. Because of the forecasted freezing rain, Hyer had worn flat boots that day and approached the store cautiously. As she walked, Hyer noticed purple, pea-sized ice melt on the sidewalk in front of Ulta Beauty and heard the crunch of the ice melt under her boots. She purchased mascara, left Ulta Beauty, and proceeded toward the Target entrance.

Upon leaving Ulta Beauty, Hyer again noticed the crunchiness of the ice melt under her feet. As she neared the Target entrance, Hyer noticed a change in the texture. Hyer then felt her right foot slide backward and she fell forward onto her right hand and knee. In her deposition, Hyer indicated that she may have slipped on "either the concrete or the frozen concrete or the lack of ice melt" but did not know for certain. When asked what caused her fall, Hyer responded

> I don't know . . . it wasn't 1-inch thick ice, there was crunchy stuff and then I slipped, so it must have been from the moisture, the – it's called black ice I understand, when you can't see a significant – there was no snow, it looked clear, but it was slippery, so that would be frozen ice.

After falling, Hyer rolled over into a sitting position. While she felt the pavement to be wet, cold, and hard, she did not feel ice where she fell. While on the ground, Hyer noticed for the first time a Target employee laying ice melt on the sidewalk. The Target employee was later identified as Ryan Spalti, a cart attendant for the store. Spalti testified in a later deposition that Target usually hired a third party to lay ice melt, but the company was running late that day, so Target took the initiative to begin the process. Spalti's supervisor instructed him to start laying the ice melt because there was freezing rain in the forecast. The width of the sidewalk required Spalti to do multiple laps in order to fully cover the area. He began the process on the east side of the Target entrance on the opposite side of where Hyer fell. Spalti believed that he had covered the area where Hyer fell as he recalled seeing purple ice melt in the area she was sitting. Later in his testimony, however, he expressed that he was not totally sure whether that area had been previously covered. He did not see Hyer fall but turned around to see her sitting on the ground. Spalti offered Hyer assistance but she refused so he continued to lay the ice melt. Spalti testified that he did not find the sidewalk to be slippery as he applied the ice melt. He further testified that there was no need to set out cones or warning signs as it would be common knowledge that if freezing rain were falling, the ground could be icy.

Following her fall, Hyer was able to get up to her feet and proceed into Target where she purchased a few items, but she cut her visit short due to pain in her knee and hand. She noticed blood on her knee while at the checkout stand. Hyer stated she used her cart to aid her in walking to her car due to her pain but did not notice any issues with ice while walking on the sidewalk or in the parking lot back to her car.

On October 31, 2019, Hyer filed a complaint against Target alleging both negligence and premises liability. On September 10, 2020, Hyer filed an amended complaint adding TL Street Marketplace NE, LLC; TL Street Marketplace Main NE, LLC; TL Street Marketplace Land NE, LLC; and TL Street Marketplace Pads, LLC (collectively TL Street), who owned the real estate upon which the fall had occurred, as defendants. Target and TL Street filed answers in which they denied negligence and premises liability, and alleged Hyer was contributorily negligent.

On June 2, 2021, TL Street filed a motion for partial summary judgment for the negligence claim. Target joined the motion on June 9. After a hearing on the motion, the district court granted the partial summary judgment stating that

> There is no factual dispute that [Hyer] seeks to recover damages against [Target and TL Street] because of an alleged dangerous condition upon the land [Target and TL Street] either owned, possessed, or controlled. Liability on the part of the possessor or owner of land for injury caused by a lawful visitor is examined under the elements of premises liability, not ordinary negligence. *Herrera v. Fleming Co[s.]*, 265 Neb. 118[, 655 N.W.2d 378] (2003). . . . Thus, [Target and TL Street] are entitled to partial summary judgment on the ordinary negligence claim and [Hyer] may only recover if she proves the requisite elements of a premises liability action under Nebraska law.

On March 11, 2022, Target and TL Street filed separate motions for summary judgment regarding Hyer's premises liability claim. A hearing on the motions was held June 21. In support of the motions, the deposition testimony of Hyer and Spalti were received as evidence as well as photographs of the sidewalk in front of the Target entrance. In an order dated September 7, the district court granted the motions for summary judgment. The district court first held that the alleged condition of the sidewalk, which Hyer characterizes as black ice, was an open and obvious risk that a reasonable person would have recognized using ordinary perception, intelligence, and judgment. In the alternative, the district court also found that even if the specific patch of black ice was not open and obvious, then summary judgment should still be granted because Hyer could not show that Target and TL Street created, knew of, or should have known of the alleged condition. The district court explained that Target and TL Street were "not required to see what cannot be seen" citing *Cloonan v. Food-4-Less*, 247 Neb. 677, 529 N.W.2d 759 (1995). The district court concluded there was no evidence that Target and TL Street had actual or constructive notice of the non-visible ice. Hyer filed a motion to alter or amend the judgment, which was denied by order of the court on September 29, 2022.

Hyer now appeals.

## ASSIGNMENTS OF ERROR

Hyer asserts the district court erred in entering summary judgment on the grounds that (1) the condition of the ice was open and obvious, and, in the alternative, (2) Target and TL Street did not have actual or constructive knowledge of the alleged condition of ice on the sidewalk.

## STANDARD OF REVIEW

An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate

inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Clark v. Scheels All Sports*, 314 Neb. 49, 989 N.W.2d 39 (2023). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *Id.*

ANALYSIS

Generally speaking, premises liability cases fall into one of three categories: (1) those concerning the failure to protect lawful entrants from a dangerous condition on the land, (2) those concerning the failure to protect lawful entrants from a dangerous activity on the land, and (3) those concerning the failure to protect lawful entrants from the acts of a third person on the land. *Sundermann v. Hy-Vee*, 306 Neb. 749, 947 N.W.2d 492 (2020). The present case falls squarely in the first category, as Hyer argues she was injured by an unreasonably dangerous condition on the property.

A possessor of land is subject to liability for injury caused to a lawful visitor by a condition on the land if (1) the possessor either created the condition, knew of the condition, or by the existence of reasonable care would have discovered the condition; (2) the possessor should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) the possessor should have expected that a lawful visitor either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the possessor failed to use reasonable care to protect the lawful visitor against the danger; and (5) the condition was a proximate cause of damage to the plaintiff. *Id.*

Of the five elements recited above, the first three clarify the scope of a land possessor's duty to lawful entrants. *Id.* The Nebraska Supreme Court has described this duty as a "specialized standard of care that include[s] three . . . elements" in addition to "the ordinary duty of reasonable care." *Id.* at 766, 947 N.W.2d at 505. More precisely, the first three elements identify those conditions on the land regarding which a land possessor owes a duty of reasonable care to protect lawful entrants from physical harm. *Id.*

The district court assessed the second and third elements together through the open and obvious doctrine and concluded that the condition of ice on the sidewalk on a wintery day was an open and obvious risk. Upon our review of the court's reasoning and the record, we affirm.

Generally, when a dangerous condition is open and obvious, the owner or occupier is not liable in negligence for harm caused by the condition. *Sundermann v. Hy-Vee, supra*. Under the open and obvious doctrine, a possessor of land is not liable to invitees for physical harm caused by an activity or condition on the land whose danger is known or obvious to the invitee, unless the possessor should anticipate the harm despite such knowledge or obviousness. *Id.* A condition on the land is considered open and obvious when the risk is apparent to and of the type that would be recognized by a reasonable person in the position of the invitee exercising ordinary perception, intelligence, and judgment. *Id.*

We have previously stated that "the risk of ice in general, on an indisputably wintery day, [is] an open and obvious risk." *Ermel v. SMA Enters.*, 30 Neb. App. 754, 764, 973 N.W.2d 364, 372 (2022). In *Ermel*, the defendant brought suit after falling outside of a business due to an accumulation of ice under a downspout. *Id.* We determined that the dangerous condition in that

case was not the general presence of ice due to the wintery conditions but was the specific accumulation of ice under the downspouts where the defendant fell. *Id.* We reversed the judgment of the district court granting summary judgment and remanded for further proceedings. *Id.*

In this case, Hyer alleges the dangerous condition was the condition of ice on the sidewalk outside the Target entrance. Hyer does not allege the ice specifically accumulated in that particular area due to some feature of the property such as the downspout that was present in *Ermel*. Instead, Hyer argues the ice was present simply due to freezing rain in the area on January 18, 2019. We find here, as we have in prior cases, that the presence of ice on an indisputably wintery day is an open and obvious risk. We see no reason to depart from that finding.

In this case the evidence reveals that Hyer was acutely aware that ice was a risk that day. In her deposition, Hyer testified that she left work early because the weather forecast predicted freezing rain. Due to this forecast, Hyer wore flat boots and walked cautiously through the parking lot as she approached the store. Hyer was further put on notice that the risk of ice was present when she specifically noted the purple ice melt on the ground outside of Ulta Beauty. Because January 18, 2019, was an indisputably wintery day, and Hyer was aware that icy weather was predicted, the condition of ice on the sidewalk outside the Target entrance was an open and obvious risk.

However, a determination that a risk or danger is open and obvious does not end the duty analysis in a premises liability case. *Sundermann v. Hy-Vee*, 306 Neb. 749, 947 N.W.2d 492 (2020). A court must also determine whether the possessor should have anticipated that lawful entrants would fail to protect themselves despite the open and obvious risk. *Id.* Examples of circumstances that may provide a land possessor with reason to expect invitees will fail to protect themselves from an open and obvious danger include where there is reason to expect that the invitee's attention may be distracted so that he or she will not discover what is obvious or will forget what he or she has discovered, or that the invitee will proceed to encounter the known or obvious danger because to a reasonable person in his or her position the advantages of doing so would outweigh the apparent risk. *Id.*

Here, there is no evidence Hyer was distracted so that she failed to discover the ice or forgot that the ice was present. To the contrary, Hyer was vigilant while walking on the sidewalk between Ulta Beauty and Target. She saw the purple, pea-sized ice melt on the ground outside of Ulta Beauty, heard the crunchiness of the ice melt under her feet, and walked cautiously. As Hyer walked from Ulta Beauty to Target, prior to the fall, she noticed a change in the texture of the ground – either a change in the concrete, frozen concrete, or lack of ice melt. The evidence shows that Hyer was focused, not distracted.

There is also no evidence that Target and TL Street had reason to believe that Hyer would not take appropriate caution to protect herself. Hyer argues that a reasonable person would risk walking on the potentially icy pavement in order to proceed to a store where she needed to purchase items, and that Target and TL Street, predicting such behavior, had a duty to ensure the sidewalk was safe for pedestrians. However, while a business owner must use ordinary care to keep the premises reasonably safe for customers, the business owner is not an insurer of a patron's safety. See *Edwards v. Hy-Vee*, 294 Neb. 237, 883 N.W.2d 40 (2016). Freezing rain was forecasted for the Omaha region and the risk of ice was widespread, open, and obvious. Target and TL Street had no reason to believe that Hyer would not use appropriate caution while entering the store during such wintery conditions. In fact, the record reveals that Hyer did exercise such caution by wearing

flat boots and walking slowly. Target and TL Street are not and should not be an insurer of the safety of every customer patronizing the place of business during poor or wintery weather conditions. Thus, the second exception does not apply here. Therefore, if ice was in fact present on the sidewalk, its presence would not be unexpected given the forecast and the conditions at the time Hyer fell. The day was indisputably wintery with freezing rain in the forecast. The open and obvious nature of the conditions were sufficient to relieve Target and TL Street of responsibility under a premises liability theory.

Because we have determined that the possibility of icy conditions on the sidewalk was open and obvious, Hyer cannot prove all of the elements necessary to be successful in a premises liability claim under Nebraska law. The Supreme Court recently held that if the burden of proof at trial would be on the nonmoving party, then the party moving for summary judgment may satisfy its prima facie burden either by citing to materials in the record that affirmatively negate an essential element of the nonmoving party's claim or by citing to materials in the record demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *Clark v. Scheels All Sports*, 314 Neb. 49, 989 N.W.2d 39 (2023). Inability to prove an essential element of a claim is sufficient for the granting of summary judgment. Therefore, we need not consider Hyer's second assignment of error regarding the district court's finding that Target and TL Street did not create or have actual or constructive knowledge of the alleged ice that caused her fall. We hold that the district court did not err in granting Target and TL Street's motions for summary judgment.

CONCLUSION

For the foregoing reasons, we affirm the order of the district court granting summary judgment to Target and TL Street.

AFFIRMED.