FRANKIE LEVI COLE, APPELLANT,
V. BARRY LOOCK ET AL., APPELLEES.
609 N.W. 2d 354

Filed April 21, 2000.　No. S-99-234.

Frankie Levi Cole, pro se.

Don Stenberg, Attorney General, and, on brief, Melanie J. Whitamore-Mantzios for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Frankie Levi Cole, an inmate at the Nebraska State Penitentiary (NSP), sued NSP personnel Barry Loock, Melvin Rouf, and Lynn K. Wright (defendants), claiming a deprivation of his civil rights in connection with the conduct of a prison disciplinary matter. After 2 days of trial, the district court for Lancaster County granted defendants' motion for directed verdict, dismissing Cole's action. Cole appeals. We affirm.

## STATEMENT OF FACTS

Cole is an inmate at NSP. On April 10, 1997, as Cole was being assigned to a living unit, he asked William Curtis, a caseworker at NSP, for a roommate change, citing safety concerns. Curtis denied Cole's request, after which, according to Curtis, Cole became verbally abusive, used profane language, and threatened his roommate. As a result of this behavior, Curtis reported Cole, charging him with numerous NSP rule violations.

Cole was placed in immediate segregation, where he remained until the disciplinary proceedings were concluded.

A disciplinary hearing was set for April 16, 1997, chaired by defendant Loock. Cole waived his right to have Curtis, the person who filed the charges, present at the hearing, but sought to submit an interview request, or "kite," which Cole had filed as a result of the incident. As Cole did not have the kite in his possession at the time of the hearing, Loock continued the hearing to allow Cole to obtain the document. Cole claimed at trial and on appeal that he did not want or seek this continuance.

The hearing was rescheduled for April 23, 1997, with defendant Wright serving as the presiding officer. Cole refused to waive Curtis' appearance at the rescheduled hearing. Curtis was unavailable. The hearing was therefore again continued. No hearing actually took place, and as a result, Cole was not brought to the hearing room.

The hearing was ultimately conducted on April 28, 1997. Defendant Rouf was present at this hearing. Both Curtis and Cole attended the hearing and testified regarding the incident. Cole specifically denied the charges brought against him. He was not permitted by the presiding officer at the hearing to admit into evidence testimony regarding the kite Cole had filed concerning the incident. At the conclusion of the hearing, the disciplinary committee found Cole guilty of swearing, and the other charges were dismissed. Cole was sentenced to the time he had already served in disciplinary segregation and released.

Cole appealed the actions of the disciplinary committee; however, he was unsuccessful in overturning the disciplinary committee's decision. It is undisputed in the record that the disciplinary committee's decision was not subsequently overturned by the district court or the Nebraska Court of Appeals.

Cole filed the instant civil rights action in the district court for Lancaster County on February 3, 1998. In his "Second Amended Civil Action Alleging Prisoner Rights Violations" (petition), Cole alleged defendants committed numerous errors in the disciplinary proceedings, including failing to comply with the Department of Correctional Services' rules and regulations regarding the conduct of the disciplinary proceedings, depriving Cole of an opportunity to present a meaningful defense, denying

Cole the opportunity to appear at a hearing, admitting improper evidence, and unduly punishing Cole. Cole claimed his constitutional due process and equal protection rights had been violated. The trial court treated these claims as alleged violations of the federal civil rights statute, 42 U.S.C. § 1983 (Supp. III 1997), as do we. In his petition, Cole sought an unspecified amount of compensatory and punitive damages.

Cole's petition came on for a jury trial. Cole, appearing pro se, presented 2 days' worth of testimony and evidence. After Cole rested, defendants moved for a directed verdict, alleging that as a matter of law, Cole was not entitled to relief under § 1983, and further, that there was insufficient evidence to demonstrate that defendants had violated Cole's constitutional rights. The trial court granted defendants' motion for directed verdict, entered judgment in favor of defendants, and dismissed Cole's petition. Cole appealed.

## ASSIGNMENTS OF ERROR

On appeal, Cole assigns two errors. Cole claims, restated, that the trial court erred (1) in granting defendants a directed verdict and (2) in refusing to allow certain documents and testimony into evidence. Because we find that the entry of the directed verdict was correct as a matter of law, we do not reach Cole's second assignment of error.

## STANDARDS OF REVIEW

In considering an appeal from an order granting a motion for a directed verdict at the close of the plaintiff's case, an appellate court must determine whether the cause of action was proved and in so doing must consider the plaintiff's evidence as true and give the plaintiff the benefit of reasonable conclusions deducible from that evidence. *Cloonan v. Food-4-Less*, 247 Neb. 677, 529 N.W.2d 759 (1995). A directed verdict is proper at the close of all the evidence only where reasonable minds cannot differ and can draw but one conclusion from the evidence, that is to say, when an issue should be decided as a matter of law. *Ethanair Corp. v. Thompson*, 252 Neb. 245, 561 N.W.2d 225 (1997).

When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an inde-

pendent, correct conclusion irrespective of the determination made by the court below. *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136 (2000).

## ANALYSIS

Defendants based their motion for directed verdict upon the U.S. Supreme Court's decision in *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In *Balisok*, the plaintiff was an inmate in the Washington State Penitentiary. While incarcerated at the penitentiary, Balisok was charged with violating various prison rules. Following a disciplinary hearing, Balisok was found guilty of four prison infractions and received a sentence of 10 days in isolation, 20 days in segregation, and the loss of 30 days' "good time credit."

As a result of this disciplinary proceeding, Balisok filed a § 1983 action in federal court, in which he alleged that the procedures used in the prison disciplinary process deprived him of his 14th Amendment due process rights. The federal district court stayed the action, pending the outcome of a state court action in which Balisok was seeking a restoration of good time, and authorized an immediate appeal under 28 U.S.C. § 1292(b) (1994). The Court of Appeals for the Ninth Circuit reversed, holding that a claim challenging only the procedures employed in a prison disciplinary hearing is cognizable under § 1983, without regard to the outcome of the state court action. The U.S. Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit.

In *Balisok*, the U.S. Supreme Court reasoned that Balisok's § 1983 claim amounted to a collateral challenge to the underlying disciplinary proceeding and that his allegations in the § 1983 action implied that the disciplinary proceeding and the punishment he received as a result of that proceeding were invalid. The U.S. Supreme Court held that in order for Balisok to bring a § 1983 action challenging the procedures utilized at the prior disciplinary proceeding, his disciplinary conviction would first have to have been overturned. Under *Balisok*, the § 1983 action brought by Balisok was not immediately cognizable. Because Balisok's disciplinary conviction had not been overturned, his claims for damages and declaratory relief could not yet be brought under § 1983.

In the instant case, Cole's petition alleges, inter alia, as follows:

4.1 Fourteenth Amendment U.S. Constitutional rights violations where the Defendants maliciously, intentionally, arbitrarily, capriciously and invidiously:

A. Discriminated against Plaintiff in the application of the procedural and substantive protection set out in the [Department of Correctional Services] Rules as a safeguard against arbitrary and capricious punishment.

B. Deprived Plaintiff of the right to present documentary evidence in the form of Kite and grievance forms which contained information of mitigating value.

C. Deprived Plaintiff of the right to appear at 4-23-97 hearing procedure (and failed to record that portion of Plaintiff's disciplinary hearing process as required by Nebraska law).

D. Denied Plaintiff the right to a full and fair opportunity to present chosen defense strategy for consideration on the merits and underlying motives for the infractions alleged by the reporting employee [Curtis].

E. Erroneously adjudged unsworn, unnotarized misconduct form by reporting employee to constitute "substantial evidence" sufficient to overcome statements to the contrary presented at the hearing by Plaintiff in both misconduct proceedings which are the subject of this aciton [sic].

The nature and the gravity of the procedural defects alleged by Cole are such that if proved, such proof would necessarily imply the invalidity of the disciplinary process. In particular, Cole alleges that defendants "maliciously, intentionally, arbitrarily, capriciously and invidiously" acted to deprive him of his constitutional rights. At the heart of Cole's petition, therefore, is a challenge to the disciplinary procedures used and the punishment assessed against him.

A review of the facts of this case and the law shows that Cole's case against defendants is controlled by *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997), and given the fact that his underlying prison disciplinary conviction has not been overturned, we conclude that his § 1983 claim is not cognizable. State courts are required to follow fed-

eral precedent when hearing actions brought under § 1983. *Howlett v. Rose*, 496 U.S. 356, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990). Compare *Shearer v. Leuenberger*, 256 Neb. 566, 591 N.W.2d 762 (1999) (noting that states possess concurrent jurisdiction to hear § 1983 actions, but federal law controls). In the instant case, the allegations in Cole's petition challenge the procedures used in his prison disciplinary proceeding. Like Balisok, Cole alleges that various procedures used in the disciplinary process deprived him of his constitutional rights. He seeks damages for these alleged constitutional violations. Cole's § 1983 claim is a collateral challenge to his disciplinary action, and the U.S. Supreme Court has ruled in *Balisok* that such a challenge is not cognizable under § 1983 unless the prisoner can demonstrate that the disciplinary conviction has previously been invalidated. See, also, *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Because Cole's prison discipline conviction has not been invalidated, he may not bring a § 1983 action in relation thereto. Accordingly, the district court's ruling was correct as a matter of law, and we affirm the district court's grant of defendants' motion for directed verdict.

## CONCLUSION

In order for Cole to succeed on his § 1983 claims, federal law requires that he first prove in a prior separate action that the disciplinary proceedings which he alleges deprived him of his civil rights were invalid. As the disciplinary action taken against Cole has not been overturned prior to his bringing the instant § 1983 action, the district court's granting of defendants' motion for directed verdict at the close of Cole's case was correct as a matter of law, and that judgment is affirmed.

AFFIRMED.