JOHN KING, SPECIAL ADMINISTRATOR OF THE ESTATE OF LOIS KING, DECEASED, APPELLANT, V. CROWELL MEMORIAL HOME, APPELLEE.

622 N.W.2d 588

Filed February 2, 2001.   No. S-99-1307.

Gary F. Smolen for appellant.

Thomas J. Culhane and Patrick R. Guinan, of Erickson & Sederstrom, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## FACTUAL AND PROCEDURAL BACKGROUND

Lois King (the decedent) was a resident of the Crowell Memorial Home (the Home) in Blair, Nebraska. The decedent died on October 11, 1995, at the age of 84. John King (King), the decedent's son and the special administrator of her estate, brought suit against the Home on behalf of the decedent's estate.

King's operative second amended petition, filed on February 18, 1998, alleged that the Home was negligent in several respects. The petition alleged that the Home was negligent in failing to prevent the decedent from choking to death by having adequate support staff available, by having planning or procedures in place to prevent the death, or by preparing liquified food. The petition further alleged that the Home was negligent in incorrectly classifying the decedent as a "No CPR" patient, despite King's request that lifesaving measures be taken, and that the Home consequently failed to resuscitate the decedent when she stopped breathing.

Prior to trial, the Home filed a motion to strike the allegations in the petition relating to inadequate support staff and failure to resuscitate. The motion was sustained with respect to the support staff allegations, but overruled as to the resuscitation allegations. The district court then ordered all pretrial motions to be filed by March 16, 1999. Despite this, the Home filed a motion in limine on September 27, seeking to exclude evidence of King's holding a health care power of attorney for the decedent, or King's allegations relating to resuscitation. After a telephonic hearing, the motion in limine was overruled, but the district court directed the parties not to raise the power of attorney or resuscitation issues during voir dire or opening statements.

The matter came on for trial on October 18, 1999. King did not attempt to present, or otherwise raise, the issues of power of attorney or resuscitation during voir dire or opening statements.

King was the sole witness to testify during the plaintiff's case in chief. King testified that he visited the decedent in the Home once or twice a week. King proffered exhibits 8 and 9, which were, respectively, a general power of attorney and a durable power of attorney for health care, both held by King for the decedent. The Home objected on the bases of foundation and relevance, and the district court reserved ruling on the objections.

King testified that in October 1994, he observed the decedent's medical records at the Home and saw that she was designated "No CPR," which he understood to refer to cardiopulmonary resuscitation. King then proffered exhibit 10, which was a copy of a letter from King to the Home instructing the Home to use "any and all medical measures" on the decedent. The Home objected on the bases of foundation and relevance, and the objection was sustained. King reproffered exhibits 8 and 9, and the Home's objections to those exhibits were also sustained.

King testified that it was "[his] understanding . . . that [CPR] was not [performed]" on the decedent. The basis for this understanding was not explained at trial. Other than this testimony, no evidence was presented regarding what measures were taken to prevent the decedent's death. No evidence was presented that at the time of the decedent's death, she was still a "No CPR" patient or that King's instructions regarding the decedent's care had not been followed. No evidence was presented at trial, from

a medical expert or otherwise, that any efforts to resuscitate the decedent would have been in any way successful. In fact, no evidence was presented at trial to even establish the decedent's medical cause of death.

The Home did not cross-examine King, and after he was excused, the plaintiff rested. The Home made a motion for directed verdict, arguing that there was no evidence presented supporting any of the allegations contained in the second amended petition. The Home's motion for directed verdict was sustained, and King's petition was dismissed. King appeals.

## ASSIGNMENTS OF ERROR

King assigns, restated and reordered, that (1) the district court erred in allowing the Home's motion in limine to be argued in light of the court's prior ruling on the Home's motion to strike and the progression order establishing a deadline for pretrial motions; (2) the district court erred in not preserving and producing a record of the hearing on the Home's motion in limine; (3) the district court erred in prohibiting the use of the issues of power of attorney and cardiopulmonary resuscitation during voir dire and opening statements; (4) the district court's interpretation of the "Nebraska Health Care Power of Attorney" statutes, Neb. Rev. Stat. ch. 30, art. 34 (Reissue 1995), unconstitutionally infringed upon the decedent's rights of substantive due process; (5) the district court erred in sustaining the Home's motion for a directed verdict; and (6) the district court abused its discretion in sustaining the Home's objections to exhibits 8, 9, and 10.

## STANDARD OF REVIEW

In considering an appeal from an order granting a motion for a directed verdict at the close of the plaintiff's case, an appellate court must determine whether the cause of action was proved and in so doing must consider the plaintiff's evidence as true and give the plaintiff the benefit of reasonable conclusions deducible from that evidence. *Cole v. Loock*, 259 Neb. 292, 609 N.W.2d 354 (2000); *Cloonan v. Food-4-Less*, 247 Neb. 677, 529 N.W.2d 759 (1995). A directed verdict is proper at the close of all the evidence only where reasonable minds cannot

differ and can draw but one conclusion from the evidence, that is to say, where an issue should be decided as a matter of law. *Cole v. Loock, supra*; *Lackman v. Rousselle*, 257 Neb. 87, 596 N.W.2d 15 (1999).

## ANALYSIS

King's first and second assignments of error argue that the district court erred in permitting the Home's motion in limine to be argued and in not preserving a record of the hearing. However, the Home's motion in limine was overruled. The overruling of a motion in limine is not reviewable on appeal. *Benzel v. Keller Indus.*, 253 Neb. 20, 567 N.W.2d 552 (1997). Moreover, error without prejudice provides no ground for appellate relief. *Willers v. Willers*, 255 Neb. 769, 587 N.W.2d 390 (1998). As King prevailed on the Home's motion in limine, he was not prejudiced by the consideration of the motion or the failure to preserve a record of the hearing. We need not determine if the district court erred regarding the motion in limine, as such error, if any, did not prejudice King and provides no basis for reversing the judgment of the district court.

King's third assignment of error is that the district court erred in limiting his voir dire and opening statements. Again, we need not decide whether the district court erred in this regard, because King was not prejudiced by the district court's ruling. The judgment on appeal is the result of a directed verdict entered by the district court, and not the determination of a jury. Consequently, errors in the selection of the jury, if any, had no effect on the ultimate judgment. See *id.*

Similarly, King was not prejudiced by the district court's restriction on his opening statement because the district court directed a verdict against him based upon his failure to prove his case. Declarations made in opening statements may not be used as evidence in determining the issues in a case. See *Twenty Club v. State*, 167 Neb. 37, 91 N.W.2d 64 (1958). King's opening statement, then, had no relation to the directed verdict that was entered at the conclusion of his case in chief. As King was not prejudiced by the restrictions placed on voir dire and opening statements, his assignment of error provides no basis for appellate relief. See *Willers v. Willers, supra.*

■ King's fourth assignment of error is not properly before this court, as it was not presented in the district court. An appellate court will not consider a constitutional question unless it has been properly presented to the trial court for disposition. *Hauser v. Hauser*, 259 Neb. 653, 611 N.W.2d 840 (2000); *Zoucha v. Henn*, 258 Neb. 611, 604 N.W.2d 828 (2000). Since King had the opportunity to present his due process claim to the district court and failed to do so, we do not consider this argument on appeal.

King's fifth assignment of error is that the district court erred in granting the Home's motion for directed verdict. That motion was premised on the Home's argument that King failed to adduce evidence supporting any of the allegations made in his second amended petition. King's appellate arguments do not appear to contest that he presented no evidence relating to the allegations that the Home failed to implement planning or procedures to prevent the decedent's death, or that the Home failed to provide liquified food. King's appellate claim is that there was sufficient evidence to support his allegations relating to resuscitation, and our analysis is limited to that claim.

■ A plaintiff in a negligence action is required to adduce evidence showing that there was a negligent act on the part of the defendant and that such act was a cause of the plaintiff's injury. *Parker v. Lancaster Cty. Sch. Dist. No. 001*, 256 Neb. 406, 591 N.W.2d 532 (1999). A "proximate cause" is a cause (1) that produces a result in a natural and continuous sequence and (2) without which the result would not have occurred. *Norman v. Ogallala Pub. Sch. Dist.*, 259 Neb. 184, 609 N.W.2d 338 (2000).

■ Determination of causation is ordinarily a question for the trier of fact. *Id.* However, an allegation of negligence is insufficient where the finder of fact must guess the cause of the accident. *Parker v. Lancaster Cty. Sch. Dist. No. 001, supra.* While circumstantial evidence may be used to prove causation, the evidence must be sufficient to fairly and reasonably justify the conclusion that the defendant's negligence was the proximate cause of a plaintiff's injury. *Id.*

■ Speculation and conjecture are not sufficient to establish causation. *Pendleton Woolen Mills v. Vending Associates, Inc.*, 195 Neb. 46, 237 N.W.2d 99 (1975). The evidence must be sufficient to make the theory of causation reasonable and not

merely possible. *Id.* The burden of proving a cause of action is not sustained by evidence from which a jury can arrive at its conclusion only by guess, speculation, conjecture, or choice of possibilities; there must be something more which would lead a reasoning mind to one conclusion rather than to another. *McVaney v. Baird, Holm, McEachen*, 237 Neb. 451, 466 N.W.2d 499 (1991).

A review of the evidence presented at trial relating to proximate cause demonstrates a complete failure of proof on this issue. King's theory of the case was that he directed the Home to resuscitate the decedent if necessary, but the Home failed to follow that instruction, failed to resuscitate the decedent, and that the decedent died as a result. At trial, however, no evidence was presented regarding what measures were taken to prevent the decedent's death, other than King's statements that no resuscitation was performed "to his knowledge." No evidence was presented that any efforts to resuscitate the decedent could have been in any way successful. No evidence was presented at trial to establish the decedent's medical cause of death.

In short, there was no evidence presented at trial upon which a jury could have based a reasonable conclusion that the decedent's death was caused by a failure on the part of the Home to perform resuscitation. Absent such evidence, King did not meet his burden of proof on the issue of causation, and the district court did not err in determining, as a matter of law, that King failed to prove his cause of action.

King's appellate brief makes some reference to affidavits, contained in the bill of exceptions, which were received in evidence during pretrial summary judgment proceedings. Those affidavits, from the decedent's physician and two nurses who worked at the Home, contain some evidence of the events surrounding the decedent's death. In one of the affidavits, the decedent's physician opines as to the decedent's cause of death, although the physician specifically refused to state an opinion regarding whether resuscitation, if performed, could have been successful. None of the medical evidence set forth in these affidavits, however, was either offered or received in evidence at trial. Evidence offered in summary judgment proceedings, but not offered at trial, cannot be considered in determining whether

the evidence adduced at trial is sufficient to preclude a directed verdict. See, e.g., *Howell v. Douglas Cty.*, 8 Neb. App. 572, 597 N.W.2d 636 (1999).

Finally, our conclusion with respect to the directed verdict makes it unnecessary for us to consider whether the district court erred in excluding exhibits 8, 9, and 10. Those exhibits contain nothing to support a finding that the decedent's death was proximately caused by any act or omission of the Home. Consequently, those exhibits would not affect our conclusion that the district court did not err in directing a verdict for the Home, and we need not decide whether they should have been admitted. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. *White v. Board of Regents*, 260 Neb. 26, 614 N.W.2d 330 (2000); *In re Interest of Battiato*, 259 Neb. 829, 613 N.W.2d 12 (2000).

## CONCLUSION

King failed to adduce evidence at trial sufficient for a jury to find, absent speculation or conjecture, that any act or omission of the Home proximately caused the decedent's death. King has assigned no other error that would support reversal of the district court's judgment. We therefore affirm the judgment of the district court.

AFFIRMED.