LINDA J. BERTCH, APPELLEE, V. GREGORY SHELLY AND JACK SHELLY, APPELLANTS.

628 N.W. 2d 292

Filed May 29, 2001.  No. A-00-268.

Thomas H. Cellilli III and Matthew D. Hammes, of Locher, Cellilli, Pavelka & Dostal, L.L.C., for appellants.

Robert E. O'Connor, Jr., for appellee.

HANNON, CARLSON, and MOORE, Judges.

CARLSON, Judge.

## INTRODUCTION

In this motor vehicle accident case, Gregory Shelly and Jack Shelly (defendants) appeal from an order of the district court for Douglas County granting Linda J. Bertch's motion for new trial. The defendants also appeal the district court's overruling of their motions for a directed verdict at trial. For the reasons set forth below, we affirm.

## BACKGROUND

On October 7, 1997, Bertch filed an amended petition against the defendants alleging that on July 26, 1994, Gregory, while operating a vehicle owned by his father, Jack, rear-ended her vehicle at approximately 72d and Maple Streets in Omaha. Bertch alleged that as a direct and proximate result of the accident, she sustained permanent injury to her head, neck, back, and shoulder. Bertch alleged that she had incurred medical expenses in the amount of $1,615.74 and that her vehicle sustained damage in the amount of $310.75.

In an amended answer, the defendants admitted that the vehicle Gregory was operating made contact with Bertch's vehicle, but denied that this contact caused injury to Bertch.

Trial was held on November 22 and 23, 1999. The evidence produced at trial showed that Bertch was involved in two motor vehicle accidents in the summer of 1994. The first accident occurred on June 13, 1994, and the second, which is the subject of the instant case, occurred on July 26, 1994.

Bertch testified that after her vehicle was rear-ended in the June 13, 1994, accident, she had pain in her neck and in her back and that she began to get headaches. The record shows that after the first accident, Bertch went to physical therapy for a short time, but stopped going around July 12 because it made her feel worse. Bertch testified that between July 12 and July 26, the date of her second accident, she began to feel better.

Bertch testified that after the July 26, 1994, accident, she had pain in her neck and in her chest. Bertch also testified that after the second accident, her headaches became more severe and more intense to the point of making her nauseous. Bertch testified that by March 1995, her "neck was fine," but that she continued to have headaches two or three times a week. Bertch testified that in November 1996, she began to experience severe dizzy spells, along with her continued headaches.

The record shows that eventually, Bertch was referred to Dr. Britt Thedinger, an otologist-neurotologist who specializes in disorders of the ear, hearing, balance, and facial nerve disorders. Thedinger testified that Bertch had suffered a closed head injury, leading to episodes of vertigo, dizziness, and headaches. Thedinger testified with a reasonable degree of certainty that Bertch's condition was caused by the car accidents Bertch was involved in in June and July 1994.

At the close of Bertch's case in chief, the defendants moved for a directed verdict on the issue of causation. The defendants contended that Bertch had failed to produce any evidence that the July 26, 1994, accident was the proximate cause of her injuries. The trial court overruled this motion, and the defendants renewed their motion for a directed verdict at the close of all of the evidence. The trial court again overruled the defendants' motion.

Regarding Bertch's prior accident and Bertch's preexisting injuries, the trial court specifically instructed the jury in jury instruction No. 5: "There is evidence that the Plaintiff had a car accident prior to this one. The Defendants are liable only for any damages that you find to be proximately caused by this accident." The trial court failed to give Bertch's proposed jury instruction, based on NJI2d Civ. 4.09, which stated:

There is evidence that the Plaintiff Linda Bertch had back and neck pain prior to the motor vehicle accident on

July 26, 1994. The Defendants are only liable for any damages that you find to be proximately caused by the accident.

If you find from all the evidence that the damages cannot be apportioned as to what was caused by this accident and what was caused by the previous accident, then you are instructed that the Defendants are liable for the entire amount.

Subsequently, the jury returned a verdict for the defendants. On December 1, 1999, Bertch filed a motion for new trial. After a hearing, the trial court granted Bertch's motion for new trial. In its journal entry, the trial court stated that Bertch's proposed instruction should have been given. The court also stated that its failure to properly instruct the jury on Bertch's successive injuries was not harmless error.

The defendants appeal.

## ASSIGNMENTS OF ERROR

On appeal, the defendants contend that the trial court erred in (1) granting Bertch's motion for new trial, because the instructions given to the jury were correct as a matter of law, and (2) overruling their motions for a directed verdict, because Bertch failed to sustain her burden of proof that the July 26, 1994, accident proximately caused her injuries.

## ANALYSIS

The defendants argue that the trial court erred in granting Bertch's motion for new trial, because the instructions given to the jury were correct as a matter of law.

A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of discretion. *Jameson v. Liquid Controls Corp.*, 260 Neb. 489, 618 N.W.2d 637 (2000). A motion for new trial is to be granted only when error prejudicial to the rights of the unsuccessful party has occurred. *Id.*

Regarding Bertch's prior accident and Bertch's preexisting injuries, the trial court specifically instructed the jury in jury instruction No. 5: "There is evidence that the Plaintiff had a car accident prior to this one. The Defendants are liable only for any damages that you find to be proximately caused by this

accident." The trial court failed to give Bertch's proposed jury instruction, based on NJI2d Civ. 4.09, which stated:

There is evidence that the Plaintiff Linda Bertch had back and neck pain prior to the motor vehicle accident on July 26, 1994. The Defendants are only liable for any damages that you find to be proximately caused by the accident.

If you find from all the evidence that the damages cannot be apportioned as to what was caused by this accident and what was caused by the previous accident, then you are instructed that the Defendants are liable for the entire amount.

On December 1, 1999, Bertch filed a motion for new trial. After a hearing, the trial court granted Bertch's motion for new trial. In its journal entry, the trial court stated that NJI2d Civ. 4.09 should have been given. The court also stated that its failure to properly instruct the jury on Bertch's successive injuries was not harmless error.

In *Ketteler v. Daniel*, 251 Neb. 287, 556 N.W.2d 623 (1996), the Nebraska Supreme Court addressed a similar case. In *Ketteler v. Daniel*, the trial court gave the following instruction, "There is evidence that the plaintiff had a neck, back and hip condition prior to the accident of April 26, 1991. The defendant is liable only for any damage that you find to be proximately caused by the accident of April 26, 1991." *Id.* at 295, 556 N.W.2d at 629.

The trial court did not give the following instruction which Ketteler had requested:

"There is evidence that Marilyn Ketteler had a pre-existing neck and back condition prior to the date of this collision. The Defendant is liable only for any damages that you find to be proximately caused by the collision of April 26, 1991.

"If you cannot separate damages caused by the pre-existing condition from those caused by the accident, then the Defendant is liable for all of those damages.

"The Defendant may be liable for bodily harm to Marilyn Ketteler even though the injury is greater than usual due to the physical condition which predisposed

Marilyn Ketteler to the injury. In short, the Defendant takes the Plaintiff as he finds her."
*Id.* at 295-96, 556 N.W.2d at 629.

Citing *David v. DeLeon*, 250 Neb. 109, 547 N.W.2d 726 (1996), the Nebraska Supreme Court concluded that the trial court's failure to give Ketteler's proposed instruction was reversible error. Therefore, the Supreme Court reversed, and remanded for a new trial.

In *David v. DeLeon*, the trial court gave at David's request an instruction similar to the proposed instruction in *Ketteler v. Daniel, supra*. DeLeon appealed, arguing that the portion of the instruction stating that if the jury could not separate damages then the defendant, DeLeon, was liable for all damages should not have been given. In rejecting this argument, the Supreme Court stated:

> [A] plaintiff is not . . . required to provide a precise line between the damages directly related to the accident and any preexisting physical or mental condition the defendant can exhume as a precondition for recovering any damages at all. . . . Once the plaintiff presents evidence from which a jury reasonably can find that damages were proximately caused by the tortious act, the burden of apportioning damages resulting from the tort rests squarely on the defendant.

*David v. DeLeon*, 250 Neb. at 115, 547 N.W.2d at 730.

In the instant case, the defendants appear to argue that Bertch failed to present evidence from which a jury could reasonably find that the July 26, 1994, accident was the proximate cause of Bertch's damages. Specifically, the defendants point to Thedinger's testimony at trial.

On direct examination, Thedinger testified:

Q. Doctor, based upon your examination, your tests, your experience, were you able to arrive at — at a medical conclusion to a reasonable degree of certainty with regard to the cause of the condition — the headaches and dizziness that Mrs. Bertch complained of on her visit to you on December 19th of 1996?

A. Yes, sir.

Q. Can you tell us what that was?

A. My conclusion was given that there was no other history and that she did not have any of these problems prior to the accidents, my — my thought — my conclusion was that these motor vehicle accidents caused her current symptoms.

On cross-examination, Thedinger further testified:

[Q.] Isn't it true that you can't tell us to a reasonable degree of medical certainty that either the June 13th, 1994 accident or the July 26th, 1994 accident caused her complaints; correct?

A. Correct.

Q. The June 13th, 1994 accident in and of itself could have caused her complaints; correct?

A. May have. Yes.

. . . .

Q. But there's no way to state to a reasonable degree of certainty then that the July 26th, 1996 (sic) accident caused her problems; correct?

A. Referring to each specific accident, no.

The defendants point to Thedinger's testimony on cross-examination and argue that Thedinger was unable to state whether either accident in 1994 caused any injury to Bertch. We read Thedinger's testimony differently. Although Thedinger could not state that either the June 13 or the July 26 accident alone caused Bertch's injuries, Thedinger testified with a reasonable degree of medical certainty that both accidents together were the causes of Bertch's injuries. Given Thedinger's testimony, we conclude that Bertch presented evidence from which a jury could reasonably find that her damages were proximately caused, at least in part, by the July 26 accident. Therefore, the burden of apportioning damages then rested squarely with the defendants. Clearly, in the instant case, the trial court's instructions to the jury did not reflect this fact.

Given that the court's instruction regarding Bertch's preexisting injuries did not meet the requirements of *David v. DeLeon*, 250 Neb. 109, 547 N.W.2d 726 (1996), and *Ketteler v. Daniel*, 251 Neb. 287, 556 N.W.2d 623 (1996), we conclude that the trial court did not abuse its discretion in granting Bertch a new trial.

On appeal, the defendants also contend that the trial court erred in overruling their motions for a directed verdict because

Bertch failed to sustain her burden of proof that the July 26, 1994, accident proximately caused Bertch's injuries.

■ A directed verdict is proper at the close of all the evidence only where reasonable minds cannot differ and can draw but one conclusion from the evidence, that is to say, where an issue should be decided as a matter of law. *King v. Crowell Memorial Home*, 261 Neb. 177, 622 N.W.2d 588 (2001).

■ The party against whom a verdict is directed is entitled to have every controverted fact resolved in his or her favor and to have the benefit of every inference which can reasonably be drawn from the evidence. If there is any evidence which will sustain a finding for the party against whom the motion is made, the case may not be decided as a matter of law. *Genetti v. Caterpillar, Inc.*, 261 Neb. 98, 621 N.W.2d 529 (2001).

Given our above discussion regarding the cause of Bertch's injuries, we find no merit to the defendants' second assignment of error.

## CONCLUSION

After reviewing the record, we conclude that the trial court did not err in overruling the defendants' motions for a directed verdict at trial, nor did the court err in granting Bertch's motion for new trial. Therefore, we affirm the order of the district court.

AFFIRMED.