Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/19/2019 08:07 AM CDT

- 743 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
MALOLEY v. CENTRAL NEB. PUB. POWER & IRR. DIST.
Cite as 303 Neb. 743

Toffie Maloley, appellant and cross-appellee,
v. Central Nebraska Public Power and
Irrigation District et al., appellees
and cross-appellants.

___ N.W.2d ___

Filed July 19, 2019.    No. S-18-656.

1. **Judgments: Appeal and Error.** In a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless clearly wrong.

2. ____: ____. After a bench trial of a law action, an appellate court does not reweigh evidence, but considers the evidence in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party.

3. **Judgments.** In a bench trial, the trial court's entry of judgment in favor of a certain party warrants the conclusion that the trial court found in the party's favor on all issuable facts.

4. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions.

5. **Summary Judgment: Moot Question: Appeal and Error.** The denial of a summary judgment motion generally becomes a moot issue on appeal after a final trial on the merits.

6. **Actions: Civil Rights: Convictions: Proof.** A plaintiff seeking relief under 42 U.S.C. § 1983 (2012) based on a criminal conviction must first show favorable termination of his or her underlying conviction if success in the civil action would necessarily undermine the validity of the previous conviction.

Appeal from the District Court for Dawson County: James E. Doyle IV, Judge. Affirmed.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Daniel M. Placzek and Jared J. Krejci, of Smith, Johnson, Baack, Placzek, Allen, Connick & Hansen, for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

The appellant, Toffie Maloley (Maloley), brought this 42 U.S.C. § 1983 (2012) action against the appellees, Central Nebraska Public Power and Irrigation District, a political subdivision (Central), its general manager, and the members of Central's board (collectively the appellees). Central owns real estate in Dawson and Gosper Counties, including Johnson Lake.

After harassment protection orders were issued against Maloley and he moved out of the Johnson Lake area through an exit plan negotiated by his counsel, he was given a "ban notice" on August 13, 2013, but repeatedly trespassed thereafter, leading to two convictions for trespass which have not been overturned or otherwise reversed. In his amended complaint, Maloley generally alleged that he was unconstitutionally excluded from the Johnson Lake area such that he could not reside or travel there or engage in recreation and his occupation. After trial, the district court filed a 22-page order and opinion finding in favor of the appellees and dismissing Maloley's action. Judgment was entered accordingly. We determine that Maloley's convictions for trespassing are fundamentally inconsistent with his various civil claims alleged in his amended complaint. Under the *Heck* doctrine, Maloley's claims are not cognizable under 42 U.S.C. § 1983. See *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Although our reasoning differs from that of the district court, we affirm.

- 745 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
MALOLEY v. CENTRAL NEB. PUB. POWER & IRR. DIST.
Cite as 303 Neb. 743

## STATEMENT OF FACTS

Maloley alleged that he resided in a Johnson Lake residence leased by his mother for the 2 years prior to August 13, 2013, and had personal property and a business at Johnson Lake. Maloley alleged that on August 13, Central's attorney had Maloley served with a notice prohibiting Maloley from entering onto Central's real estate. Maloley alleged that after he received the notice, he was repeatedly arrested and prosecuted for trespassing on Central's real estate. It is undisputed that he was convicted of criminal trespass in two separate incidents and that the convictions have not been reversed, declared invalid, or expunged in any way.

Maloley alleged that when Central's attorney issued the notice, the appellees violated his procedural due process rights and various property and civil rights. All of Maloley's claims were brought under 42 U.S.C. § 1983. The appellees admitted the obvious facts but denied others. Throughout these proceedings, the appellees asserted, inter alia, that under the *Heck* doctrine, Maloley's claims were not cognizable under § 1983, because Maloley was a convicted trespasser and the court could not find in Maloley's favor without invalidating his convictions.

Cross-motions for summary judgment were denied. A bench trial on liability took place on August 8 and 9, 2017. The district court denied the appellees' midtrial motions. After trial, in a 22-page opinion, the district court found in favor of the appellees on all claims, and the entirety of Maloley's amended complaint was dismissed with prejudice and judgment entered accordingly. Maloley filed a motion for new trial which generally asserted that he was denied a fair trial. The motion was denied.

In its order following trial, the district court found that Maloley's mother, Lorraine Maloley, signed a residential lease agreement with Central allowing her to lease a lot at Johnson Lake, referred to as "Bass Bay, Lot 25." In 2011, Maloley began living in Lorraine's residence at Johnson Lake.

- 746 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
MALOLEY v. CENTRAL NEB. PUB. POWER & IRR. DIST.
Cite as 303 Neb. 743

In July 2012, Lorraine's neighbor obtained a harassment protection order against Maloley. In August, Central's attorney sent Lorraine a letter advising that Maloley was interfering with the neighboring leaseholders' peaceful enjoyment. The letter gave Lorraine 60 days to remedy the breach by Maloley's leaving Central's real estate. On October 2, Maloley's attorney responded to the August letter, stating that Maloley agreed to leave Bass Bay, Lot 25, on or before October 5. On October 19, Central's attorney sent Maloley's attorney another letter stating that Maloley had vacated the premises, but advising that if Maloley returned, Central would consider his presence a resumption of the breach. These discussions between counsel caused Maloley to leave Central's real estate with the knowledge that he was not permitted to return. The district court found that Maloley left Central's property knowing he was not to return or "he would be treated as a trespasser."

In February 2013, Maloley returned to reside at Bass Bay, Lot 25. In July, the complaining neighbor's husband sent Central a letter explaining that Maloley was at Bass Bay, Lot 25, on a daily basis and disturbing the neighborhood. The district court found that Maloley's disturbing conduct resulted in users of Central's real estate making complaints to Central and that Maloley interfered with the peaceful enjoyment of Central's facilities.

Consistent with the October 2012 communication between counsel, on August 12, 2013, Central prepared a notice advising Maloley he was not to enter any of Central's real estate in Dawson County or Gosper County or else he would be referred to law enforcement authorities. This "ban notice" was personally served on Maloley.

Between August 28 and December 6, 2013, Maloley was charged with four counts of second degree trespass in three cases in the county court for Dawson County. All of the trespass charges occurred on Central's real estate. One of the cases was dismissed by the State, and Maloley was

convicted of criminally trespassing on Central's real estate in two cases.

On November 24, 2014, Central's attorney sent Maloley's attorney a letter advising that Maloley was allowed to enter Johnson Lake to remove his personal property from Bass Bay, Lot 25, provided Maloley had Lorraine's permission and Maloley was accompanied by law enforcement.

The district court found that Maloley was a mere occupier at Bass Bay, Lot 25, and had no interest in the leasehold at that location. The district court found that Maloley's interests as an occupier of Bass Bay, Lot 25, and user of Central's facilities terminated when Maloley left Central's real estate and acceded to the terms discussed and agreed to between counsel in the 2012 communication process. The district court found that the 2012 communication process gave Maloley notice of the requirement that he leave and the reasons therefor. The district court found that the 2012 communication process gave Maloley the opportunity to challenge Central's position, but Maloley waived his rights to remain on Central's real estate after he left in the fall of 2012. Once Maloley returned, the district court recognized that Maloley was a trespasser.

The district court reasoned that because Maloley waived his right to remain on Central's real estate after he left, Maloley had no property or liberty interest in residing at Bass Bay, Lot 25. Further, because Maloley was a trespasser, he had no liberty interest or other right to associate with those at Johnson Lake or engage in an occupation at Johnson Lake. The district court found that the 2012 communication process gave Maloley what process he was due when he was temporarily deprived of his personal property.

The district court found that before the 2012 communication process, Maloley had a right to use Central's real estate which was generally made available to the public. However, the district court found that the 2012 communication process was fundamentally fair and afforded Maloley the process he was due under the circumstances.

- 748 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
MALOLEY v. CENTRAL NEB. PUB. POWER & IRR. DIST.
Cite as 303 Neb. 743

Applying the *Mathews v. Eldridge* considerations to determine what process was due, the district court found that Maloley's interest in his personal property was not substantially impaired, because Maloley had ample time to remove his personal property during the August to October 2012 communication process. See *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed 18 (1976). Maloley knowingly left his personal property behind when he left Johnson Lake. Further, it found that Maloley's evidence regarding the extent and nature of Maloley's personal property was not convincing. With regard to Maloley's interest in providing lawn care and handyman services, the district court found that Maloley's evidence on this issue had little probative value. The district court found that Maloley's interest in using Central's real estate as a member of the public was not substantial, because Maloley forfeited his interest by disturbing the peace.

Continuing its *Mathews* analysis, the district court found that Central's interest in its duty to the public weighed in favor of the adequacy of the 2012 communication process. Central had a duty to protect the quiet, peaceful, and safe use of its real estate by its tenants and the public. The district court noted that Maloley's conduct interfered with the peace and risked safety due to possible escalations of confrontations and altercations. The 2012 communication process minimized the risk of the public's disturbance and promoted safety.

Finally, the district court concluded its *Mathews* analysis by finding that the 2012 communication process carried a "very low" risk of error compared to other procedures. The court found that Central had received bona fide and verified complaints about Maloley's conduct. Due to the existence of the neighbor's harassment protection order, Central knew of a previous judicial determination that Maloley was interfering with the users of Johnson Lake.

In summary, the district court determined that the 2012 communication process was fundamentally fair and afforded Maloley the process he was due.

- 749 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
MALOLEY v. CENTRAL NEB. PUB. POWER & IRR. DIST.
Cite as 303 Neb. 743

The district court determined that Maloley had no substantive due process rights to live precisely where he chose, to engage in handyman services at Johnson Lake, to intrastate travel through Central's real estate, or to use Central's recreational facilities. The district court determined that Maloley had no First Amendment right to associate with customers at Johnson Lake. The district court found that Central's actions were rationally related to legitimate government interests in protecting the peace and quiet of Johnson Lake. Finally, the district court determined that Central did not violate Maloley's equal protection rights, because there was a rational basis for Central to classify Maloley as it did.

The district court found in favor of the appellees on all claims and dismissed Maloley's complaint with prejudice. Posttrial motions were denied. Maloley appeals.

ASSIGNMENTS OF ERROR

Maloley claims, summarized and restated, that the district court erred when it denied his motion for summary judgment, determined after a trial that Maloley was a trespasser and that he received due process of law during the 2012 communication process, and denied his motion for new trial.

In their cross-appeal, the appellees claim that although they agree with the judgment as entered, because Maloley was convicted for trespass and these convictions have not been reversed, declared invalid, or expunged, his claims under 42 U.S.C. § 1983 arising as a consequence of these convictions are not cognizable under the rule articulated in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and the district court erred when it failed to dismiss the amended complaint on this basis.

STANDARDS OF REVIEW

[1,2] In a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless clearly wrong. *Cullinane v. Beverly*

- 750 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
MALOLEY v. CENTRAL NEB. PUB. POWER & IRR. DIST.
Cite as 303 Neb. 743

*Enters. - Neb.*, 300 Neb. 210, 912 N.W.2d 774 (2018). After a bench trial of a law action, an appellate court does not reweigh evidence, but considers the evidence in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party. See *id.*

[3] In a bench trial, the trial court's entry of judgment in favor of a certain party warrants the conclusion that the trial court found in the party's favor on all issuable facts. *Blue Creek Farm v. Aurora Co-op Elev. Co.*, 259 Neb. 1032, 614 N.W.2d 310 (2000).

[4] When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions. *Becher v. Becher*, 299 Neb. 206, 908 N.W.2d 12 (2018).

ANALYSIS

*Appeal.*

[5] Maloley claims that the district court erred when it denied his motion for summary judgment. However, "denial of a summary judgment motion generally becomes a moot issue on appeal after a final trial on the merits." *First Express Servs. Group v. Easter*, 286 Neb. 912, 920, 840 N.W.2d 465, 471 (2013). Under the circumstances of this case, this assignment is without merit. Maloley also claims that the district court erred when it ruled against him after trial and thereafter denied his motion for new trial. As explained below, because we agree with the appellees' contention in their cross-appeal that the district court did not err when it dismissed Maloley's amended complaint and entered judgment in favor of the appellees, we reject these assignments of error.

*Cross-Appeal.*

In their cross-appeal, the appellees claim that the district court did not err when it dismissed Maloley's amended complaint after trial, but they contend that their assertion that Maloley's 42 U.S.C. § 1983 action was not cognizable under

- 751 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
MALOLEY v. CENTRAL NEB. PUB. POWER & IRR. DIST.
Cite as 303 Neb. 743

the *Heck* doctrine provides the better rationale. We agree with the appellees, and the resolution of this contention in favor of the appellees is dispositive of the appeal.

Maloley's 42 U.S.C. § 1983 claims tried below arise from the assertion that he was denied due process of law when he was excluded from Central's real estate and convicted of trespassing. He claims the circumstances of his eviction and subsequent convictions for criminal trespass were unlawful and are all folded into and serve as the basis for his § 1983 claims. Maloley did not prove at trial that the convictions for trespassing have been reversed on direct appeal, expunged by executive order, or otherwise declared invalid. Thus, as explained below, under the *Heck* doctrine, the claims in Maloley's amended complaint are not cognizable under § 1983 and therefore the dismissal of his amended complaint was not error. See *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In *Heck*, the U.S. Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

512 U.S. at 486-87. The Court in *Heck* explained that § 1983 does not allow a convicted defendant to mount a collateral attack on his or her conviction under the guise of a civil suit; generally, tort lawsuits "are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Although the *Heck* principle began in a habeas corpus setting, subsequent cases confirmed that the *Heck* doctrine applies regardless of the type of relief sought if success in a

- 752 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
MALOLEY v. CENTRAL NEB. PUB. POWER & IRR. DIST.
Cite as 303 Neb. 743

42 U.S.C. § 1983 action would necessarily demonstrate the invalidity of a conviction or sentence. See *Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005). We have applied *Heck* to a prisoner's § 1983 case. See *Cole v. Loock*, 259 Neb. 292, 609 N.W.2d 354 (2000).

Courts have extended the *Heck* doctrine to other contexts, and as relevant here, the *Heck* doctrine has been applied to claims in which the plaintiff had been convicted of criminal trespass and sought relief for circumstances surrounding those convictions. See, generally, *Harris v. Wal-Mart Stores, Inc.*, 48 F. Supp. 3d 1025 (W.D. Tenn. 2014); *Salvagio v. Doe*, No. Civ. 13-5182, 2015 WL 460907 (E.D. La. Feb. 3, 2015) (unpublished opinion); *Rector v. Baca*, No. CV 13-3116 VBF (SS), 2014 WL 4244345 (C.D. Cal. Aug. 25, 2014) (unpublished opinion); *Snyder v. Decker*, No. 2:06cv1528, 2007 WL 2616993 (W.D. Pa. Sept. 6, 2007) (unpublished opinion).

To determine whether a 42 U.S.C. § 1983 claim is improper under the *Heck* doctrine, a district court must analyze the relationship between the plaintiff's § 1983 claim and the charge on which he was convicted. See *Hardrick v. City of Bolingbrook*, 522 F.3d 758 (7th Cir. 2008). The Ninth Circuit has explained that the critical element in this analysis is "whether the plaintiff's action, if successful, will 'demonstrate the invalidity of any outstanding criminal judgment.'" *Beets v. County of Los Angeles*, 669 F.3d 1038, 1043 (9th Cir. 2012) (quoting *Heck v. Humphrey, supra*). Put another way, "'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (quoting *Heck v. Humphrey, supra*). Claims which would not necessarily imply the invalidity of the conviction should be allowed to proceed. *Heck v. Humphrey, supra*.

In this case, the appellees urge that Maloley had no property rights, so Maloley could not be deprived of property without due process. They further urge that Maloley was not

deprived of his constitutional rights, but if his rights were circumscribed, that is a permissible result of the fact that he has been found by a court to be a criminal trespasser at the Johnson Lake area. The appellees assert that the correctness of a limitation on Maloley's rights, if any, would not be cognizable in a 42 U.S.C. § 1983 action while the convictions for trespassing stand. We agree.

The record shows that Lorraine received notice pertaining to Maloley's conduct and that Maloley, represented by counsel, negotiated an exit plan for Maloley from Lorraine's property. Lorraine received a notice banning Maloley from the property and threatening eviction if Maloley returned. The threat of eviction was based, inter alia, on a term in Lorraine's lease protecting the neighboring leaseholders' peaceful enjoyment of their property. Subsequently, Maloley was arrested four times for trespassing on Central's real estate. From those arrests, Maloley was ultimately convicted of two counts of second degree trespass, because he could not show he had a right to remain on the property.

There is a direct relationship between Maloley's trespassing and his 42 U.S.C. § 1983 claims. Each claim in Maloley's amended complaint is rooted in the propriety of his trespass convictions. Had Maloley been successful on his § 1983 claims, the validity of his convictions for trespass would be called into question. Maloley concedes that his convictions stand, but argues that *Heck* does not bar his constitutional claims, because they attack the process of issuing the ban notice against him, and not the resulting convictions themselves. While there may be a distinction, the forum challenging the ban notice is in the criminal cases, not this civil matter. Maloley cannot claim he had a right to remain on the property in the civil case after having been convicted for having no such right in his criminal cases. His criminal convictions are "'fundamentally inconsistent with the unlawful behavior'" alleged against the appellees for which he claims damages. See *Smith v. City of Hemet*, 394 F.3d at 695. Accordingly, Maloley's civil rights action under

- 754 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
MALOLEY v. CENTRAL NEB. PUB. POWER & IRR. DIST.
Cite as 303 Neb. 743

§ 1983 was not cognizable and the district court did not err when it dismissed his amended complaint and entered judgment for the appellees.

## CONCLUSION

[6] Under the rule articulated in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), a plaintiff seeking relief under 42 U.S.C. § 1983 based on a criminal conviction must first show favorable termination of his or her conviction if success in the civil action would necessarily undermine the validity of the previous conviction. The gravamen of Maloley's constitutional claims in his amended complaint directly call into question his trespass convictions. Thus, Maloley's § 1983 claims were not cognizable under the *Heck* doctrine. Although our reasoning differs from that of the district court, we affirm the judgment of the district court which found in favor of the appellees and which dismissed Maloley's amended complaint.

AFFIRMED.